| 46 | 353 |
| 47a | 74 |

| 46 | 353 |
| 99a | 334 |

## DAVID TABOR, Respondent, *v.* MISSOURI VALLEY RAILROAD COMPANY, Appellant.

1. *Corporations — Railroads — Negligence — Public highways — Citizen may presume what.*—The citizen who, on a public highway, approaches a railroad track and can neither see nor hear any indications of a moving train, is not chargeable with negligence in assuming that there is no car sufficiently near to make the crossing dangerous. He has a right to presume that in handling their cars the railroad companies will act with appropriate care, and that the usual signals of approach will be seasonably given. (Kennayde v. Pacific R.R. Co., 45 Mo. 255, affirmed.)

23—VOL. XLVI.

*Appeal from Fifth District Court.*

*Stringfellow & Donivhan*, and *Strong & Chandler*, for appellant.

*Pike & Hereford*, for respondent, cited Redf. on Railw. 393 ; Huelsenkamp v. Citizens' Railway Co., 34 Mo. 34 ; Kennedy v. North Mo. R.R. Co., 36 Mo. 351.

WAGNER, Judge, delivered the opinion of the court.

Respondent brought his action against the appellant for damages in killing two horses belonging to him, and also for injury occasioned to his harness and wagon in being run over by a train on appellant's track. The accident occurred at a public crossing, and the evidence shows that about dark, on the 10th of September, 1867, the respondent was driving his team slowly across the track ; that no trains were due at that hour, and that, as the horses stepped upon the track, the engine of a construction train struck them and killed them both, and did injury to the harness and wagon. It further appears that the train was running very fast, and that the parties in charge of it neither rang the bell nor sounded the whistle before approaching the crossing, as the statute requires.

The court gave three instructions for the respondent. The first told the jury that if they believed from the evidence that respondent sustained injury to his horses, wagon, and harness, by reason of the negligence, carelessness, or mismanagement of the agents or employees of the appellant whilst running or managing a locomotive car or train at the crossing aforesaid, they should find for the respondent.

The second instructed the jury that it was the duty of the appellant to commence ringing the bell or blowing the whistle at a distance of eighty rods from the crossing of the public traveled road, and to keep ringing the bell or sounding the whistle until the locomotive and train had crossed the road, and that if it appeared from the evidence that at the time of the accident no bell was rung or whistle blown, the jury were at liberty to

infer negligence or carelessness in the agents or employees of the road, and should find for the respondent, unless they should further find that he, on his part, was guilty of such negligence as contributed directly to produce or cause the injury.

The third instruction declared that if the jury should find that, owing to the train running out of the usual time of trains crossing the public traveled road, and that, owing to the location and construction of the crossing and the topography of the adjacent country, more than ordinary care should have been used by the persons in charge of the train in approaching the crossing, either by lessening the speed or by any other means calculated to avert a collision, and no such care was taken or used, then the jury were authorized to infer negligence on the part of the appellant from such facts, and the respondent was entitled to recover, unless they also believed from the evidence that there was negligence on his part that contributed directly to produce the injury.

The appellant asked five instructions. The court gave the second and fifth, and refused the first, third, and fourth. The second instruction given at the instance of the appellant explicitly stated that although the jury might believe from the evidence that appellant or its agents committed the injury sued for in consequence of negligence on their part, yet unless they further found from the evidence that respondent used such care to avoid the injury as a man of ordinary prudence would have used under similar circumstances, they should find for the appellant, unless they should find that the injury was willfully done.

The fifth instruction declared that, as to what was negligence in the respondent, the jury were to consider and judge from all the circumstances in the case whether a man having charge of a team of horses, and who was about to cross a railroad crossing in the night, above the level of the road he was crossing, where his view of the track and a coming train was intercepted until he got upon the crossing, was not in duty bound to stop and listen, and look up and down the track in both directions before he ventured thereon; and that if they believed the respondent failed to do so, and that if he had done so he

could have seen or heard the train coming in time to have avoided the accident, then the jury should find there was negligence on his part; and if there was any negligence or want of care or common prudence on his part which produced or contributed to produce or occasion the injury complained of, they should find for the appellant, unless they should believe from the evidence that appellant willfully produced the injury.

We see no error in the court in refusing the three rejected instructions.

The whole case turned upon a question of negligence, and that is purely a matter of fact to be found by the jury. The evidence is most conclusive that the agents in charge of the train were utterly derelict in their duty in ringing the bell or in sounding the whistle. Whether the respondent was guilty of such negligence as materially contributed to the injury and would exonerate the appellant from responsibility, was submitted to the jury on the most favorable terms for the appellant. The instructions given for the respondent are wholly unobjectionable, and, when taken in connection with those given on the other side, leave the appellant no ground for complaint.

The whole case comes precisely within the principle adjudged in Kennayde v. Pacific R.R. Co., 45 Mo. 255, where we laid down the doctrine that the citizen who, on a public highway, approaches a railroad track, and can neither see nor hear any indication of a moving train, is not chargeable with negligence for assuming that there is no car sufficiently near to make the crossing dangerous; that he has a right to presume that in handling their cars the railroad companies will act with appropriate care and the usual signals of approach will be seasonably given, and that the managers of the train will be attentive and vigilant. A defendant can not impute a want of vigilance to one injured by his act, as negligence, if that very want of vigilance was the consequence of an omission of duty on the part of defendant.

Judgment affirmed. The other judges concur.