DORAN v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Cities and Towns**: ORDINANCE AGAINST MULES AT LARGE: VIOLA-
TION: WHAT IS NOT: MULES KILLED ON RAILROAD. A city ordinance
provided: "It shall be unlawful to permit any mules   *   *   *   to
run at large upon the streets   *   *   *   within the corporate
limits of the city." The plaintiff, after his day's work was done, put
his mules in the stable and fed them, but did not halter them, and left
the stable door open, in order that they might go to a watering place
near by. This was his custom. It usually took the mules about twenty-
five or thirty minutes to feed. It was raining hard at the time, and the
owner stayed away from the stable about twenty minutes, and when he
returned he found the mules gone, and one of them had gone upon
defendant's track near by, and had been killed by a passing train,
through the negligence of defendant's employes. *Held* that plaintiff
was not guilty of a violation of the city ordinance, as he did not inten-
tionally allow the mules to run at large, and that his conduct did not
amount to contributory negligence, so as to defeat his recovery of
defendant.

*Appeal from Wapello District Court*—HON. E. L. BURTON,
Judge.

TUESDAY, OCTOBER 25.

THE plaintiff seeks by this action to recover damages for
the value of a mule which, he alleges, was killed by reason of
the negligent operation of a train upon the defendant's rail-
road. There was a trial by jury, which resulted in a verdict
and judgment for the plaintiff. Defendant appeals.

*Chambers, McElroy & Carver*, for appellant.

*Williams & Jaques*, for appellee.

ROTHROCK, J.—The mule was killed within the corporate
limits of the city of Ottumwa, by a freight train, at about
four o'clock in the afternoon. There was an ordinance of the
city providing that railroad trains should not be run within
the city limits at a greater rate of speed than six miles an
hour. The petition charged that the train which caused the
injury was, at the time, running at the rate of twelve miles

per hour, and that, in addition to the negligent and unlawful
rate of speed, the employes of defendant in charge of the
train were guilty of negligence in failing to stop or check the
train, when it was reasonably apparent that the animal was
in danger of being injured or killed.   A careful examination
of the evidence has led us to the conclusion that the jury
were fully warranted in finding that the train was running at
a rate of speed far greater than that authorized by law, and
that by reason thereof the mule was killed; and we think
they might well have found that the injury might have been
avoided, if the trainmen had exercised reasonable care after
they discovered that the mule was in danger.   According to
the testimony of some of the witnesses, the speed of the train
amounted to recklessness, showing a disregard of the safety
of persons and animals approaching the track within the city;
and the jury found, in answer to a special interrogatory, that
the employes in charge of the train were guilty of reckless
and wanton misconduct in the operation of the train which
caused the injury.

But the defendant claims that the plaintiff is not entitled
to damages for the injury, because the mule was running at
large contrary to an ordinance of the city.   The ordinance
provides that "it shall be unlawful to permit any mules
*       *       *       to run at large upon any of the streets
*       *       *       within the corporate limits of the city."
The court instructed the jury upon this feature of the case
as follows:   "(10) The defendant claims that the plaintiff
was guilty of negligence in permitting his mule to run at
large, in violation of the city ordinance.   If you so find,
then the plaintiff is guilty of negligence, and he cannot
recover, unless you find that the defendant's employes wan-
tonly run said animal down, after they discovered said ani-
mal upon the track.   You are instructed that the plaintiff
would not be guilty of a violation of said ordinance, if the
driver put said mules in the barn with the intention of
having them remain there, but neglected to put on the hal-

ters, or close the door,.and that by reason of such negligence the mules came out of the barn, and strayed away. Nor would this kind of .negligence be such contributory negligence as would prevent a recovery by the plaintiff. (11) The ordinance provides ' that it shall be unlawful to permit any mule,' etc., ' to run at large on any of the streets,' etc. This means that the owner, or person having such animal in charge, shall not intentionally or voluntarily allow or permit such animal to run at large, that is, to go without any person in charge of it, wherever the animal could go, or its inclination led it. If the animal accidentally, or negligently even, escaped from the stable, and went upon the streets, etc., of the city without permission of the owner or keeper, that would not be violation of the city ordinance."

The facts are that the mule which was killed was one of a team used by the plaintiff in peddling ice. They had been used in that business constantly for four months, and when the day's work was done they were kept in a stable near the railroad track. The driver of the team took them into the stable on the afternoon of the accident, and removed their harness, fed them, and left them eating, and went to the house, and remained there about twenty minutes. He did not halter the mules, and he left the stable door open. This had frequently been done before to allow the mules to go to a watering-place .close by the stable. It usually required about twenty-five or thirty minutes for the mules to feed. It was raining heavily at the time, and the driver remained at the house about twenty minutes. When the rain slacked he went to the stable, and the mules were gone, and about that time the train ran over and killed one of them, some distance from the stable. The question is, was this mule running at large by the permission of the owner? We think the court in the above instruction correctly construed the ordinance. The plaintiff did not turn his mules out to graze upon the commons, or to roam at large through the city. The facts do not show a violation of the ordinance. If they do,

·then every time the owner of a horse, a cow, or a mule, leaves an animal unhitched or untied .for a few minutes, with no intention to allow it to run at large, he is guilty of the viola-tion of the ordinance, if the animal should escape and be found running at large.

. There is no other real question in this case. It is true, objection was made to the admission of certain evidence; but the ruling of the court thereon was manifestly correct. It appears to us that the case was fairly tried, and that it was submitted to the jury upon instructions which are unobjec-tionable.

AFFIRMED.