[No. 13607.  In Bank. — August 4, 1890.]

J. H. ORCUTT, RESPONDENT, *v.* THE PACIFIC COAST RAILWAY COMPANY, APPELLANT.

NEGLIGENCE — LIABILITY OF RAILROAD COMPANY — FAILURE TO GIVE WARNING AT CROSSING — EVIDENCE — PRESUMPTION — PROXIMATE CAUSE. — Where an injury at a railroad crossing is caused by a locomotive, upon which a bell was not kept ringing continuously nor a whistle blown at intervals at a distance of eighty rods before reaching the crossing, and also in passing over it, as required by section 486 of the Civil Code, the railroad company operating the locomotive is *prima facie* liable for such injury, unless the person sustaining it contributed thereto by his own negligence; and it need not be further proved by the plaintiff that the failure to ring the bell or blow the whistle was the proximate cause of the injury.

ID. — KILLING OF ANIMALS AT CROSSING — EFFORTS TO AVOID INJURY IMMATERIAL — PRESUMPTIVE NEGLIGENCE. — Where such failure to give warning in approaching a crossing is proved in an action to recover damages for the negligent killing of animals, evidence is immaterial as to whether or not the engineer, from his place on the engine, could see the animals near the track when the engine was approaching before they came running upon the track when the engine was but forty feet from the crossing, and that he did all he could to avoid injuring them, as the failure to give the signals required by section 486 of the Civil Code amounted to presumptive negligence.

ID. — APPEAL — CONFLICTING EVIDENCE — CONCLUSIVENESS OF VERDICT — CONTRIBUTORY NEGLIGENCE — PROXIMATE CAUSE. — A verdict will not be disturbed in the appellate court where the evidence is conflicting; and where the evidence conflicts as to whether an engineer could have seen animals at a crossing in time to prevent any injury to them, though they might have been on the track through plaintiff's want of care, a finding for the plaintiff impliedly passes upon the question in the plaintiff's favor as to whether or not the failure to give the required signals was the proximate cause of the injury.

ID. — CONTRIBUTORY NEGLIGENCE — QUESTION OF LAW. — Ordinarily, the question of contributory negligence is for the jury; but when the evidence tending to establish it is undisputed, it becomes a matter of law for the court to determine. (THORNTON, J., dissenting.)

ID. — TRESPASSING ANIMALS — EVIDENCE OF CONTRIBUTORY NEGLIGENCE — PROXIMATE CAUSE — BURDEN OF PROOF. — The fact that the animals injured were running at large in a lane, where they might trespass upon the railroad company's right of way across the lane, contrary to the provisions of the county act requiring all cattle to be confined by their owners to prevent trespass upon the land of others, could not be relied on by the railroad company to show contributory negligence on the part of the owner of the animals, but they would still have to show that it was the proximate cause of the injury complained of.

ID. — DUTY OF RAILROAD COMPANY TO DRIVE OFF ANIMALS — RIGHTS OF OWNER — REMOTE CONTRIBUTORY NEGLIGENCE. — Where the animals injured were, when last seen by the owner, nearly one half a mile from the railroad track, the owner had a right to assume that the required statutory signals would be given by the railroad company, so that the animals would be driven off if near the track when any locomotive or train was about to pass over the crossing, and his failure to prevent them from straying upon the track, toward which they were turned, is too remote to be regarded as the proximate cause of the injury.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion.

*Graves, Turner & Graves,* for Appellant.

The legislature did not intend to compel the railroad company to ring and whistle at the crossing of the lane. (*Philadelphia & C. R. R. Co.* v. *Fronk,* 67 Md. 339; 1 Am. St. Rep. 390.) The owner of stock should use such ordinary care and diligence as would prevent his stock from straying onto a railroad track; and when it appears, as it does here, that he could, with the smallest degree of care, have prevented the accident, and did not do it, he is guilty of such a degree of contributory negligence that he is not entitled to recover, unless it is in a case where the company could have prevented the injury by using ordinary care and prudence after discovering that the animals were in danger. (See Wharton on Negligence, secs. 838,

900; *Joliet etc. R. R. Co.* v. *Jones,* 20 Ill. 221; *Chicago etc. R. R. Co.* v. *Seirer,* 60 Ill. 295, 529; *Indianapolis etc. R. R. Co.* v. *Wright,* 13 Ind. 213; *Chicago etc. R. R. Co.* v. *Goss,* 17 Wis. 428; *McCandless* v. *Chicago etc. R. R. Co.,* 45 Wis. 366; *Ohio etc. R. R. Co.* v. *Eaves,* 42 Ill. 288; *Richmond* v. *R. R. Co.,* 18 Cal. 351.) The company may show that the injury was not due to the omission to give the signals. (Wharton on Negligence, secs. 804, 896; *Remis* v. *R. R. Co.,* 42 Vt. 375; *Trout* v. *R. R. Co.,* 23 Gratt. 619; 1 Redfield on Negligence, sec. 126, p. 474.) Whether the catastrophe was produced by the company's failure of duty must ordinarily be left to the jury. (*Warfield* v. *Connecticut etc. R. R. Co.,* 37 Vt. 330; *Carraher* v. *San Francisco Bridge Co.,* 81 Cal. 98–102.) It must not only be shown that the statutory signals were omitted, but also that the omission was the proximate cause of the injury. (*Strong* v. *S. & P. R. R. Co.,* 61 Cal. 326; *Chicago etc. R. R. Co.* v. *Harwood,* 90 Ill. 425; *Toledo etc. R. R. Co.* v. *Jones,* 76 Ill. 311; *Parker* v. *Wilmington etc. R. R. Co.,* 86 N. C. 221; *Huckshold* v. *St. Louis etc. R. R. Co.,* 28 Am. & Eng. R. R. Cas. 662; *Atchison etc. R. R. Co.* v. *Morgan,* 13 Am. & Eng. R. R. Cas. 501; *Palmsky* v. *New York etc. R. R. Co.,* 2 Am. & Eng. R. R. Cas. 251.) If section 486 of the Civil Code imposes an absolute liability it is unconstitutional. (*Bielenberg* v. *Montana Union R. R. Co.,* 38 Am. & Eng. R. R. Cas. 276.) And where it appears that the ringing of the bell or the sounding of the whistle would have driven the animals from the track, or enabled those in charge of them to get them out of danger, a failure to ring the bell or sound the whistle may be shown as evidence of negligence. (*Lapine* v. *New Orleans etc. R. R. Co.,* 20 La. Ann. 158; *Aycock* v. *Wilmington etc. R. R. Co.,* 6 Jones, 232; *Jones* v. *North Carolina R. R. Co.,* 70 N. C. 626; *Page* v. *North Carolina R. R. Co.,* 71 N. C. 222; *Illinois etc. R. R. Co.* v. *Phelps,* 29 Ill. 447; *Toledo etc. R. R. Co.* v. *Furgusson,* 42 Ill. 449; *Indianapolis etc. R. R. Co.* v. *Hamilton,* 44 Ind. 76; *Searles* v. *Milwaukee etc. R. R. Co.,*

35 Iowa, 490; *Owens* v. *Hannibal etc. R. R.. Co.*, 58 Mo. 387; *Illinois etc. R. R. Co.* v. *Peyton*, 76 Ill. 340; *Pennsylvania Co.* v. *Krick*, 47 Ind. 369.) But here such signals would have been unavailing to prevent the injury, and evidence of a failure to sound them is inadmissible. (*Plaster* v. *Illinois etc. R. R. Co.*, 35 Iowa, 449; *Gilman etc. R. R. Co.* v. *Spencer*, 76 Ill. 192; *Edson* v. *Central R. R. Co.*, 40 Iowa, 47; *Holman* v. *Chicago etc. R. R. Co.*, 62 Mo. 562.)

*Venable & Goodchild*, for Respondent.

The law makes the failure to sound the bell or whistle a *prima facie* case of negligence against defendant. (Civ. Code, sec. 486; *McCoy* v. *Cal. P. R. R. Co.*, 40 Cal. 532; 6 Am. Rep. 623.) The jury were properly instructed as to the engineer's duty. (*Davies* v. *Mann*, 10 Mees. & W. 545.) The negligence charged against plaintiff is, that he saw the animals in an open lane half a mile from the track. This is too remote. (*Robinson* v. *W. P. R. R. Co.*, 48 Cal. 423; *Strong* v. *S. & P. R. R. Co.*, 61 Cal. 328; Field on Damages, sec. 132, 178; Broom's Legal Maxims, *220.) And the question of contributory negligence was one for the jury, and they have passed thereon. (*Fernandes* v. *Sacramento City R. R. Co.*, 52 Cal. 49; *Andrews* v. *Runyon*, 65 Cal. 632.)

GIBSON C. — This action was brought by the plaintiff to recover damages for a mare killed and a colt injured by the locomotive and cars of the defendant corporation, which locomotive and cars, it is alleged in the complaint, were so negligently managed and run over that portion of defendant's railway which passes through the plaintiff's land, and were driven at such undue speed, and without ringing any bell or sounding any whistle or other alarm, in approaching the crossing on said land as to run against the mare and colt, then casually, and without any fault of plaintiff, passing across the track at said crossing.

Judgment for the plaintiff was entered upon a verdict in his favor. From the judgment, and an order denying a new trial, the defendant brings this appeal.

The lane which formed the crossing with defendant's railway, where the engine ran against the animals, is an open one used by the public, and extends from plaintiff's house to a public highway just beyond the railway, and crosses the latter at right angles, and at about one half of a mile from plaintiff's house. The railway is inclosed upon the sides with substantial fences, and at the crossing with cattle-guards.

On the morning of the accident, the plaintiff, while on the way to town, saw the mare and colt, with other cattle, unattended in the lane near his house, the mare and colt being then turned in the direction of the railway, but he passed on and did not try to prevent them from straying thereon.

The evidence is conflicting as to whether a bell was kept ringing or a whistle sounding at intervals in approaching the crossing, and also as to which side of the track the mare and colt came from in getting on the track. That of the plaintiff tended to show that no warning signals were given upon the engine in approaching the crossing or in passing over it; and that the mare and colt came from the east or right-hand side of the track, and could have been seen by the engineer upon the locomotive; while that of the defendant tended to prove that the whistle was blown at about one half of a mile before reaching the crossing, and that, from a point eighty rods from the crossing, the bell was kept ringing and the whistle sounding at intervals until within forty feet of the crossing where the collision occurred; that the animals approached from the west or left-hand side; that there is a sharp curve to the right in the track near the crossing, and a cut in the lane on the west or left-hand side, from which the animals came, of from two to four feet in depth, which prevented the engineer, in his

position on the engine, from seeing them, and that he did not see them until within forty feet of the crossing, when they came running upon the track; that immediately the engineer reversed his engine, applied the air-brakes, and did all he could to prevent colliding with them, but without effect.

Upon this state of facts, the court, in one of the instructions given at the request of plaintiff, declared the rule to be, that where an injury at a railroad crossing is caused by a locomotive, upon which a bell was not kept ringing nor a whistle blown at intervals for a distance of eighty rods before reaching the crossing, and also in passing over it, the railroad company operating the locomotive is *prima facie* liable for such injury, unless the person sustaining it contributed thereto by his own negligence. The giving of this instruction the defendant claims was error, and it contends that the court should have charged the jury as requested by it, to the effect that the mere failure to ring the bell or blow the whistle in approaching the crossing would not render it, the defendant, liable, unless it was proved by the plaintiff that the failure to ring the bell or blow the whistle was the proximate cause of the injury.

The question, then, is, and it is the principal one in this case, whether the failure of a railroad corporation to ring a bill continuously or sound a whistle at intervals for a certain distance in approaching a crossing, and in passing over it, will render the corporation *prima facie* liable for any injury caused by its locomotive at such crossing, not contributed to by the person who sustains the injury. We think it will.

By section 486 of the Civil Code it is provided: "A bell of at least twenty pounds weight must be placed on each locomotive-engine, and be rung at a distance of at least eighty rods from the place where the railroad crosses any street, road, or highway, and be kept ringing until it has crossed such street, road, or highway,

or a steam-whistle must be attached and be sounded, except in cities, at the like distance, and be kept sounding at intervals until it has crossed the same, under a penalty of one hundred dollars for every neglect, to be paid by the corporation operating the railroad, which may be recovered in an action prosecuted by the district attorney of the proper county, for the use of the state. The corporation is also liable for all damages sustained by any person, and caused by its locomotives, train, or cars, when the provisions of this section are not complied with."

This section is too plain to admit of construction; it means what is so clearly expressed in it. It is designed, under the penalty of a fine and a *prima facie* liability for injury caused by locomotives, trains, or cars at a street or road crossing, to compel railroad corporations to exact vigilance and diligence of those to whom they intrust the running of engines, trains, or cars across such places of danger to the public as streets and highways.

As already stated, the evidence as to whether the bell was rung or the whistle blown upon the locomotive on approaching the crossing was conflicting, and seems to have been evenly balanced; in such a condition of the evidence it was for the jury alone to determine the question, and in finding a general verdict for the plaintiff, which covers all the material issues, they determined it adversely to the defendant, and it cannot now be disturbed.

In view of the meaning of the above section of the code governing this case, the evidence as to whether the engineer, from his place on the engine, could see the animals near the track when the engine was approaching the crossing becomes immaterial, because whether he could see them or not before they came running upon the track when the engine was but forty feet from the crossing, and though he then did all he could to avoid injuring them, if he failed to give the required signals, such omission amounted to presumptive negligence.

Even if, as defendant contends, it was incumbent upon plaintiff to prove that the failure to give the required signals was the proximate cause of the injury before he could recover, in which case it would be material whether the engineer could have seen the animals in time to prevent any injury to them, though they might have been on the track through plaintiff's want of ordinary care, still, as the evidence on this point was strongly conflicting, we would, upon the same principle applicable to a finding by a jury upon conflicting evidence, be constrained to hold that the jury had, in finding for the plaintiff, impliedly passed upon it in his favor.

The remaining question is, whether the plaintiff was guilty of contributory negligence.

That the above section of the code did not abrogate the doctrine of contributory negligence was determined in *Meeks* v. *S. P. R. R. Co.*, 52 Cal. 602, and *Glascock* v. *Central Pacific R. R. Co.*, 73 Cal. 137. This was recognized by the trial court, and stated to the jury in the instruction complained of, as well as in other appropriate instructions given.

Ordinarily, the question of contributory negligence, like that of negligence, is a question for the jury, but when the evidence tending to establish it is undisputed, as in the present case, it becomes a matter of law for the court to determine. (*Glascock* v. *Central Pacific R. R. Co.*, 73 Cal. 137.) The only evidence here in support of it is, that, on the morning of the day on which the collision occurred, the plaintiff, who was on his way to town, saw the mare and colt with other cattle in the open lane, near the house, which was half a mile from the railway, and passed on to town without endeavoring to prevent them from straying upon the track, toward which the mare and colt were turned at the time.

Now, assuming that the act of March 7, 1878 (Stats. 1877–78, p. 176), applicable to San Luis Obispo County, requires all cattle to be confined by their owners, to

prevent trespass upon the land of others, and that plaintiff's mare and colt were running at large in the lane, where they might trespass upon defendant's right of way across the lane, contrary to the provisions of such act, the defendant upon its part could not rely on this fact alone, but would still have to show that it was the proximate cause of the injury complained of. (See *Seigel* v. *Eisen*, 41 Cal. 109.)

The cattle when last seen by the plaintiff were nearly one half a mile from the track, and the plaintiff had a right to assume that the required statutory signals would be given by defendant, so that if his mare and colt should reach the track when any locomotive or train was about to pass over the crossing, they would thereby be driven off or from the track, as the only directions they could have run from the track was down the lane on one side or to the highway on the other. (*Higgins* v. *Deeney*, 78 Cal. 578; *Williams* v. *O'Keefe*, 9 Bosw. 536; *Jetter* v. *New York etc. R. R. Co.*, 2 Abb. App. 458.)

Hence, we think that, although the plaintiff may not have been entirely free from blame in leaving the mare and colt unattended with other animals in the lane near the house, and nearly half a mile from the track, such fact is too remote to be regarded as the proximate cause of the injury, and therefore advise that the judgment and order be affirmed.

Belcher, C. C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Thornton, J., concurring. — I concur in the judgment, and in the conclusions reached by the opinion; but I do not concur in the *dictum* that when the facts are undisputed, negligence is a question of law. The correct rule is laid down in *Fernandes* v. *Sacramento City R. R. Co.*, 52 Cal. 45, where the subject is fully discussed, and the

conclusion there reached fortified and sustained by reason and authority. (See also *Payne* v. *R. R. Co.*, 83 N. Y. 574, and cases there cited.) If the rule as declared in the *dictum* above stated has ever been regarded as a law, it has long ago been rejected as unsound by jurists and courts. In the case under consideration the negli- was too remote, as is clearly shown in the opinion of the learned commissioner.