## FRANCE v. SALT LAKE & O. RY. CO.

No. 1783. Decided December 3, 1906 (88 Pac. 1).

1. APPEAL—ASSIGNMENT OF ERRORS—WAIVER. Errors assigned, but not argued in the brief or on oral argument are waived.

2. RAILROADS—OPERATION—INJURIES TO ANIMALS. In an action against a railroad company for the value of a cow killed at a public crossing, evidence that the cow was restless because separated from her calf, and the owner had placed her in a pasture some distance from the barn, from which there was an inference that she had escaped, and was on her way to the barn when struck, did not tend to show contributory negligence on the part of the owner, and the court did not err in refusing to submit that question to the jury.

APPEAL from District Court, Second District; J. A. Howell, Judge.

Action by Francis J. France against the Salt Lake and Ogden Railway Company. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*Henderson, Pierce, Critchlow & Barrette* for appellant.

*Ray Van Cott* for respondent.

FRICK, J.

This is an action for damages for the killing of a cow arising through the alleged negligence in operating a train of cars. The plaintiff (hereinafter styled "respondent"), commenced this action for damages which he claims to have sustained by reason of the defendant (hereinafter called "appellant") in carelessly and negligently running one of its trains onto and over a public highway crossing by running the same at a high and reckless rate of speed, and by negligently failing to ring a bell or sound a whistle at said crossing within the distance required by section 447, Revised Statutes 1898; that by reason thereof appellant ran said train over a cow belonging to respondent, and in doing so maimed and crippled it to such an extent that it had to be killed, and therefore was of no value, by reason of all of which respondent claimed damages in the sum of $45. The defendant denied all negligence and pleaded contributory negligence on the part of respondent. Upon these issues there was a trial to a jury, which eventuated in a verdict and judgment for respondent. Appellant filed its motion for a new trial, which was overruled; and, after preserving the evidence by proper bill of exceptions, now presents the case to this court on appeal from the judgment.

Counsel for appellant, in the abstract, assign several errors, but in their brief and on the oral argument argued

and presented but one; and hence under the rules of this court, all other errors are waived and abandoned. Counsel doubtless abandoned the other assigned errors because of the provisions of section 447, Revised Statutes 1898, respecting the ringing of the bell and sounding of the whistle at public crossings, and, as the evidence in respect to whether either or both had been complied with as provided in said section was conflicting, the question was not open for consideration in this court. We therefore, will limit ourselves to consideration of the only question discussed by counsel, namely, did the court err in giving the instruction complained of? After the evidence had all been submitted the court withdrew from the consideration of the jury two questions: (1) The question as to the speed of the train, the court instructing the jury that there was no evidence that the speed was a negligent, reckless or improper speed; (2) that there was no evidence of contributory negligence on the part of the respondent, and therefore the jury should not consider that defense. In view of the abandonment by counsel for appellant of all other questions than the one pertaining to the instruction withdrawing from the jury the issue of contributory negligence, we will not set forth any of the evidence, nor make a statement thereof further than necessary to illustrate the question presented.

The only evidence upon the subject of contributory negligence was elicited from the respondent while a witness in his own behalf, and is substantially as follows: That the cow in question was turned into a pasture near appellant's railroad track, and was in that pasture on the morning of the day in question; that the cow had a calf about two months old, and that the respondent had disposed of the same two or three days preceding the accident; that the cow was somewhat restless on account of being parted from her calf, and in consequence made some efforts to get to the barn where the calf had been kept; that a day or two before the accident the cow, while confined in another pasture, had gotten out of it somehow, not disclosed by the evidence, and had come to the barn of respondent and exhibited signs of wanting to get to her calf. The inference from the evidence—and it is only an in-

ference—was and is that the cow on the day of the accident got out of the pasture some way and was on her way to the barn and was struck at the crossing where the highway she was on and the railroad track intersect or cross. This is all the evidence upon the subject of contributory negligence. This evidence, it is asserted, should have been submitted to the jury to pass upon, and from it they should have been permitted to determine whether or not the defense of contributory negligence was or was not established. It is true, as asserted by counsel for appellant, that this court has repeatedly held that the question of contributory negligence, like that of negligence, is a question of fact, and is thus to be passed upon by the jury. While this is true as a general rule, it does not and cannot apply where the question is one of law merely. Where the evidence is undisputed and no inference is permissible from which negligence can be inferred, then the court, not the jury, must decide.

The only question in this case, therefore, is: Does the uncontroverted evidence present a case from which any inference of negligence on the part of respondent can be drawn? We think not—for two reasons: (1) Because there is nothing in the evidence from which it can be reasonably inferred that the respondent was guilty of any act or omitted doing anything that an ordinarily prudent person, under the same or similar circumstances would not do or omit to do; (2) because the fact that the cow was at large did not directly contribute to the accident, and therefore was too remote to be considered by the jury. No principle of law is, we think, better established than the one that negligence, either primarily or contributory, must in some way be connected with the act, or omission to act, in respect to the matter which causes the injury complained of. The very term "contributory negligence" assumes that it is contributory only to some other act or omission which constitutes negligence in the opposite party. In what way, therefore, can it reasonably be said that the fact that the cow was at large in any way directly contributed to the collision? It is true that, if she had

31 Utah—20

not been at large she could not have been on the crossing and therefore not injured; but in this sense it is equally true to assert that the railroad company was negligent in constructing its railroad or in operating it, because if it had not been constructed or operated the cow would not have been injured. In some jurisdictions where there is a law forbidding animals from running at large, and the owner thereof violates this law by permitting his animals to be at large, it is held that this violation constitutes negligence. Upon a close analysis of these cases it will be found, however, that the decisions are based largely upon the fact that where a party violates a law he does so at his peril. The old common law of England in respect to animals being at large is based upon this principle. The question, therefore, is not strictly one of contributory negligence, even in those jurisdictions, where no recovery is permitted where animals are prohibited from running at large and they are injured or killed while being so in violation of some law. But, even in those jurisdictions, the facts in the case at bar would not prevent a recovery, for the reason that respondent's cow was not at large through any willful act of his. In such cases the authorities hold that the rule that prevents a recovery does not apply. (*Orcutt v. Pac. Coast Ry. Co.*, 85 Cal. 291, 24 Pac. 661; *Alabama G. S. Ry. Co. v. McAlpine*, 71 Ala. 545; *Mo. Pac. R. Co. v. Wilson*, 28 Kan. *637; *Toledo, P. & Ry. v. Johnston*, 74 Ill. 83; *Doran v. Chicago M. & St. P. Ry.*, 73 Iowa 115, 34 N. W. 619; *Story v. Chicago, M. & St. P. Ry.*, 79 Iowa 402-409, 44 N. W. 690; *McMaster v. Mont. U. Ry. Co.*, 12 Mont. 163, 30 Pac. 268; *Moses v. S. P. Ry. Co.*, 18 Or. 385, 23 Pac. 498, 8 L. R. A. 135.) The case in 85 Cal. 291, 24 Pac. 661, is a case where the facts in respect to contributory negligence were much stronger than in the case at bar, but notwithstanding that the Supreme Court of California held the question to be one of law, and not of fact. In fact, where the question is presented as it was in the case at bar, all the courts decide it is a question of law, upon both grounds, namely, that the animal being at large does not of itself constitute

contributory negligence, and that, if being at large is such, then it is too remote to be considered by the jury as a matter of fact. If these authorities are sound, and we think they are, then it follows that the lower court did not err in giving the instruction complained of; and we so hold.

The judgment, therefore, is affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.