[L. A. No. 1491. In Bank.—March 25, 1907.]

## ALBERT HUTSON et al., Respondents, v. SOUTHERN CALIFORNIA RAILWAY COMPANY, Appellant.

NEGLIGENCE—RAILROAD-CROSSING—DUTY OF TRAVELER—INSTRUCTIONS. —In this state a person approaching a railroad-crossing is not authorized to assume that the persons operating a train will not in any way be negligent in that operation, and an instruction assuming the contrary is erroneous. Such crossing, from its very nature, is always a place of danger, and a traveler has no right to omit any of the care which the law demands of him, upon the assumption that due care will be exercised in the operation of the train.

ID.—CONTRIBUTORY NEGLIGENCE — BURDEN OF PROOF. — In an action against a railroad company to recover damages for personal injuries caused by its negligence, the burden of proving contributory negligence rests upon the defendant. The weight of the evidence or preponderance of probability is sufficient to establish that fact, and an instruction to the jury that such defense should be proved *"to your satisfaction* by a preponderance of the evidence," should omit the italicized words.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

L. J. Norton, E. W. Camp, Paul Burks, and E. E. Milliken, for Appellant.

J. H. Merriam, and Hunsaker & Britt, for Respondent.

THE COURT.—When this case was in Department, in the opinion there rendered it was said:—

"This is an action for damages, wherein plaintiffs charge that, by the negligent operation of defendant's train, they were struck by it while crossing the track of defendant, and sustained the injuries for which the damages were sought. Plaintiffs were riding in a heavy wood-wagon drawn by two horses, and were approaching the crossing at which there were two tracks, the tracks of the Terminal railway and the tracks of the defendant's railway. They had passed over the track

of the Terminal road and their horses were about to step on to defendant's track when they discovered that the locomotive of a southbound freight-train on defendant's track was approaching within one hundred and fifty feet of the crossing. Plaintiff Albert Hutson, who was driving, then made an effort to stop his horses, but did not apply the brake, and immediately thereafter urged his horses forward and across the track. The older boy of the two children who were in the wagon with him ran to the rear end of the vehicle and jumped out, and the father tossed the other boy to the ground. The engine collided with the rear half of the wagon and both the plaintiffs were thrown to the ground and injured. The negligence of the defendant, as alleged, consisted in its failure to give any warning of the approach of the train by blowing the whistle or ringing the bell, and it was further charged that the train approached the crossing at a negligently high rate of speed. This speed was estimated by the various witnesses at from sixteen to twenty miles an hour. The view of plaintiffs approaching the crossing was obstructed, though there was a place of safety near the track where plaintiffs could have stopped the team and had a clear view. It was first urged by appellant that, as matter of law, plaintiffs were guilty of such contributory negligence as to preclude recovery, but upon a review of the whole evidence we think that this question was fairly submissible to the jury.

"The court, however, erred in certain instructions given to the jury, and these errors demand a new trial of the case. The court instructed the jury as follows:—

" '6. You are instructed that the plaintiffs had a right to drive in the road or street where they were and to cross the defendant's track, and they are not chargeable with contributory negligence in endeavoring to cross the track, provided they adopted all reasonable precautions against injury from moving trains, and they are not chargeable with contributory negligence unless they failed to take such precautions. In determining whether the plaintiffs took all reasonable precautions the jury should consider the situation of the crossing and the circumstances attending the accident, bearing in mind that the plaintiffs had a right to rely on the performance by the defendant's employees of every act imposed by law upon them when approaching a crossing with their train. The

plaintiffs and each of them were authorized to assume that the men in charge of the train would approach the crossing with due care, without running at an excessive or unreasonable rate of speed, and would cause the bell on the engine to be rung and kept ringing for the distance of eighty rods before reaching the crossing. The acts and conduct of the plaintiffs, and each of them, in looking out and listening for the approach of the train are therefore to be considered in connection with the assumption which they had the right to make that care in the management of the train would be exercised in the manner just indicated.'

"It is not the law of this state that a person approaching a railroad crossing is authorized to assume that the persons operating a train will not in any way be negligent in that operation. This doctrine has been asserted in some of the states, but it is opposed to the law as laid down in the decisions of this state and of the supreme court of the United States. Such a rule would abrogate the doctrine of contributory negligence in all such cases, and in the early case of *Meeks* v. *Southern Pacific R. R. Co.*, 52 Cal. 604, this court said: 'The 486th section of the Civil Code, providing that a railroad corporation shall be liable for all damages sustained by any person and caused by the locomotive of the corporation when a bell is not sounded or a whistle blown as directed by that section, does not abrogate the doctrine of contributory negligence, or operate to give a right of action where the negligence of the plaintiff . . . materially and proximately contributed to the injury.' In *Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, [53 Pac. 651], this precise question was involved, this court saying: 'The only answer to this is, that defendants' employees did not ring the bell or sound the whistle and that the fireman was not at his place on the left side of the engine. The argument, of course, is that if the signals had been given plaintiff might have heard, and not hearing them, he had the right to assume when he was about to make the crossing that the train had not then reached the whistling post 1,325 feet above, and that the fireman might have seen him in time to have prevented the accident had he been on the lookout. It may be admitted that all this was culpable negligence on the part of defendants' employees. The defense of contributory negligence implies that defendant may have been guilty of

such negligence as would justify a recovery by the plaintiff if he were not also in fault. This is no argument, therefore, against the position of the defendant.' In *Green* v. *Southern California Ry. Co.,* 138 Cal. 1, [70 Pac. 926], the rule of law laid down in *Herbert* v. *Southern Pacific Co.* is reaffirmed, the chief justice placing his concurring opinion upon this precise ground. The same doctrine is also announced in *Pepper* v. *Southern Pacific Co.,* 105 Cal. 398, [38 Pac. 974], and in *Bilton* v. *Southern Pacific Co.,* 148 Cal. 443, [83 Pac. 440]. The rule is simply this: That a railroad crossing, from its very nature, is always a place of danger, and a traveler has no right to omit any of the care which the law demands of him, upon the assumption that due care will be exercised in the operation of the train. Says the circuit court of appeals in *Erie Ry. Co.* v. *Kane,* 118 Fed. 234, [55 C. C. A. 129]: 'Again, counsel for defendant in error urges that it was not negligence for decedent to be there because he was not bound to anticipate Bowker's negligence through which the collision came about. It is never negligence, they say, for one not to anticipate negligence in anybody else. There is, however, no such general rule of law or prudent conduct. There are instances where as a matter of law it is negligence not to anticipate negligence in others. As, for instance, it is well settled in the federal courts that it is negligence for a highway traveler not to anticipate failure on the part of an engineer to give appropriate signals of approach of his train to a highway crossing. He has no right not to look or listen because he has heard no such signals.' This is in accord with the doctrine of the supreme court of the United States, as laid down in *Railroad Co.* v. *Houston,* 95 U. S. 697, where it is said: 'The failure of the engineer to sound the whistle or ring the bell, if such were the fact, did not relieve the deceased from the necessity of taking ordinary precautions for her safety. Negligence of the company's employees in these particulars was no excuse for negligence on her part. She was bound to listen or look before attempting to cross the railroad track in order to avoid an approaching train and not to walk carelessly into a place of danger.' "

The foregoing language is adopted and adhered to. In contemplation of the new trial which must be ordered, it should be said that instruction 7, as given by the court, contains

the same error of law as that in the instruction just discussed. Additionally, it dangerously approaches the forbidden territory of instructions upon the facts. The court also instructed the jury that: "As said above, the burden of proof of such contributory negligence rests upon the defendant; unless it proves the same *to your satisfaction* by a preponderance of the evidence," etc. It would be better to omit the words here italicized. In a civil case it is the weight of evidence or preponderance of probability which is sufficient to establish a fact. (*Murphy* v. *Waterhouse*, 113 Cal. 467, [54 Am. St. Rep. 365, 45 Pac. 866].) As given, the instruction might tend to confuse a jury into believing that something more than this was required.

For the foregoing reasons the judgment and order appealed from are reversed.

SHAW, J., dissenting.—The opinion of the court in this case did not come to my knowledge until several days after it was filed. I deem it proper at this time to state the reasons for my belief that it is erroneous.

The statement of facts in the opinion is both incomplete and incorrect. In this court those facts which the evidence fairly tends to prove in support of the verdict must be taken as true. The plaintiffs, at a point fifty feet from the tracks of the Terminal road, stopped the wagon and looked and listened for a train. It was the best place from which to view the tracks of the two railroads for that purpose. A man passing them from the opposite direction told them no train was in sight. When on the farther side of the tracks he could see the track, in the direction from which the train was coming, for a much longer distance than it could be seen from where the plaintiffs stopped. Albert Hutson, who was driving, continued to look and listen after they again started, but neither saw nor heard the train until the wagon was on the Terminal track and within a few feet of the defendant's track and on a grade descending toward it. The train was then only about one hundred and fifty feet distant. He could not safely stop on that track, on which another train might be coming. The emergency was sudden and the danger great, and he could not be charged with negligence, as matter of law, under those circumstances, for any ordinary conduct. (*Harrington* v. *Los*

CL Cal.—45

*Angeles Ry. Co.*, 140 Cal. 521, 522, [98 Am. St. Rep. 85, 74 Pac. 15].) In the necessary haste, he concluded to attempt crossing before the train reached the place, whipped his horses, and almost succeeded in his design. To have used the brake after whipping the horses would have been sheer folly. No bell was rung. No whistle was sounded. The train was coming at the unprecedented speed of forty-five miles an hour. The statement that its speed was from sixteen to twenty miles an hour is not justified by the evidence, as we must view it, nor can it be said to be sustained by a preponderance.

With regard to the supposed faulty instruction, for the giving of which the judgment is reversed, the court has curiously misconceived its subject, its effect, and its purpose. The law on the subject of the negligence of one about to cross the track of a steam railroad, naturally falls into two divisions: one relating to his rights, the other to his duties. Both are equally clear and well settled. His duty is to look and listen for trains, and to stop for that purpose, if stopping is necessary to do it effectively. His right is to expect and assume that due care will be used in the operation of trains and that the signals required by law will be given. But the lack of such care, the failure to give the legal signals, will not excuse him from the duty to stop, look, and listen, nor remove the effect of contributory negligence in barring his recovery, if he fails in his own duty.

It is not necessary for the court to state the whole law in every instruction. It is practically impossible to state it in every sentence; and the division into paragraphs is a mere method of separating the sentences and subdivisions of a general subject. It is perfectly proper for the court to divide the general subject of the law of the case, and treat the respective divisions in separate paragraphs. This the court did in the present instance, treating chiefly of the rights of the plaintiffs in the instruction in question, and of their duty to be careful themselves in numerous other instructions asked by the defendant.

This instruction tells the jury that, in judging whether or not the plaintiffs were guilty of contributory negligence, they should consider the fact that plaintiffs had the right to assume and rely upon the exercise of due care by the trainmen, in giving the required signals and not running at excessive speed.

Many decisions of this court support this proposition, as the following extracts will show: "Plaintiff was authorized to assume that all other persons using the street would do so with due care. It cannot be imputed as negligence that he did not anticipate culpable negligence on the part of the employees of the defendant." (*Strong* v. *Southern Pacific R. R. Co.*, 61 Cal. 328.) ".The plaintiff had the right to assume that the required statutory signals would be given by the defendant." (*Orcutt* v. *Pacific C. R. Co.*, 85 Cal. 299, [24 Pac. 661].) "The plaintiff here was exercising an undoubted right, and she was authorized to assume that all other persons using the street would act with due care. It cannot be imputed as negligence that she did not anticipate culpable negligence on the part of the defendant." (*Robinson* v. *Western Pacific R. R. Co.*, 48 Cal. 421.) "Ordinarily, the person operating the car has the right to assume that the one so approaching is able to and will care for himself, by taking all necessary precautions to observe the approach of the car, and that he will not place himself on its track at such a time as to be injured thereby." (*Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 520, [98 Am. St. Rep. 85, 74 Pac. 15].) "The deceased had a right to rely upon the usual and required signal of bell-ringing when a car is approaching." (*Driscoll* v. *Cable R. R. Co.*, 97 Cal. 553, [33 Am. St. Rep. 203, 32 Pac. 591].) The same rule has been stated in an endless number of decisions of other states, as well as in many decisions of this state where the right of railway employees to rely on the exercise of due care by others was involved. (*Solen* v. *Virginia etc. Ry. Co.*, 13 Nev. 106; *Grippen* v. *New York Cent. R. R. Co.*, 40 N. Y. 42; *Philadelphia etc. R. R. Co.* v. *Hummell*, 44 Pa. St. 379, [84 Am. Dec. 457]; *Newson* v. *New York Cent. R. R. Co.*, 29 N. Y. 390; *Tabor* v. *M. V. R. R. Co.*, 46 Mo. 353, [2 Am. Rep. 517]; *Texas and Pacific Ry. Co.* v. *Cody*, 166 U. S. 613, [17 Sup. Ct. 703]; 2 Thompson on Negligence, sec. 1582; Shearman and Redfield on Negligence, sec. 473; 41 Am. Dig., cols. 2775 to 2784, 37 Am. Dig., col. 448; *Green* v. *Los Angeles etc. Ry. Co.*, 143 Cal. 31, [101 Am. St. Rep. 68, 76 Pac. 719]; *Lambert* v. *Southern Pacific R. R. Co.*, 146 Cal. 231, [79 Pac. 873].) Many other citations could be given to the same effect.

The duty of the plaintiffs to exercise due care in looking and listening, and the fact that this duty rested on them regardless of any failure of the trainmen to use due care or give signals, is a qualification of the rule stated in the instruction and established by the above authorities. The jury were fully instructed on this point. They were informed that, in ascertaining whether or not a train, was coming, the plaintiffs were required to exercise "such care as a person of ordinary prudence would exercise under the circumstances"; that they must "make use of all their senses" in so doing; that they "must use vigilantly the senses of sight and hearing," and that if it was necessary to stop in order to hear well, then they must stop for that purpose; that any neglect on their part in these particulars would bar a recovery if it contributed to the injury, notwithstanding the negligence of the defendant may have caused it. And with regard to the effect of their rights aforesaid upon their own duty, the court instructed the jury that, while travelers in a vehicle approaching a railroad crossing "have a right to rely upon the presumption that railway employees engaged in running trains toward such crossing will use precautions to prevent collisions, yet that such travelers have no right, on that account, to relax in any way the vigilance required of them by law in such circumstances and at such a place. They are under the duty of both listening and looking, and of listening and looking at points and places and in such circumstances that the listening and looking will give them protection."

If the instruction quoted in the main opinion is subject to criticism on the ground that it does not state with sufficient clearness the duty of the plaintiff as a qualification of the rule regarding their rights, it is supplemented and fully cured in that respect by the instruction last quoted, which states clearly both the right and the duty of plaintiffs and the fact that negligence of the defendant does not excuse the plaintiffs from exercising due care.

The true rule regarding this qualification is well stated in the main opinion to be that "A traveler has no right to omit any of the care which the law demands of him, upon the assumption that due care will be exercised in the operation of the train." The authorities cited in the opinion fully

sustain this statement of the qualification, but the extracts given omit the context, and are consequently misleading so far as they seem to lend support to the idea that it is not the law that the traveler, while not omitting the care due from him, may rely on the performance of duty by the defendant, so long as due care on his part does not disclose to him its failure to do so. The cases do not so declare. If the instruction declared erroneous had stated that the plaintiffs had the right to omit any of the care which the law demanded of them, because of their reliance on the care of the defendant, the criticisms would have been deserved. But it does nothing of the sort, and in view of the explicit instructions to the contrary, it could not have been so understood by the jury.

The criticism of the instruction that contributory negligence is to be proven by the defendant by a preponderance of the evidence and to the satisfaction of the jury is not warranted. The instruction is based on the rules of evidence as laid down by the positive mandate of the Code of Civil Procedure. It is conceded that the burden is on the defendant and that a preponderance is necessary, but it is suggested that the jury need not be *satisfied* of the fact. The code declares that they must be satisfied. "That evidence is deemed satisfactory which ordinarily produces moral certainty or conviction in an unprejudiced mind. Such evidence alone will justify a verdict." (Code Civ. Proc., sec. 1835.) The court seems to have feared that the words "to your satisfaction," might be understood by the jury to mean "beyond a reasonable doubt." But the jury must be presumed to understand words according to their ordinary meaning.

Rehearing denied.

Beatty, C. J., and Shaw, J., dissented from the order denying a rehearing.