## McCLOUD v. O'NEALL.

ON motion for new trial, on the sole ground that the verdict is not sustained by the evidence, the Court below, in passing on the motion, cannot disregard any portion of the evidence before the jury. The question as to the competency of the evidence cannot be raised on such motion.

A verdict obtained upon incompetent evidence may be set aside; but this cannot be done if the evidence were admitted without objection, nor can it be done upon the ground that effect was given to the evidence by the jury, even if objected to.

In such cases, that which vitiates the verdict, is the error of the Court in admitting the evidence, and if the party seeking to set aside the verdict be not in a position to take advantage of this error, he cannot object that the evidence was improperly admitted.

McCloud *v.* O'Neall.

APPEAL from the Fifth District.

Suit for the seizure and detention of a lot of barley. Plaintiff claimed ownership of the barley by purchase, by writing under seal from Kelty and Reynolds, and defendant justified, as Sheriff, under an execution on a judgment against them in favor of one Fisher. The main question on the trial was, as to fraud in the sale from Kelty and Reynolds to plaintiff. K. and R. testified as witnesses for defendant, plaintiff objecting on the ground of interest, and that they could not impeach their own deed. Verdict for plaintiff. Defendant moved for new trial, on the grounds that the evidence was insufficient to sustain the verdict; that the verdict was against law, and for error in law occurring at the trial, and excepted to by defendant. Verdict set aside and new trial granted. Plaintiff appeals.

*D. W. Perley*, for Appellant.

I maintain three propositions.

1st. That Kelty and Reynolds were not competent witnesses for the defendant.

2d. That the Court below, having admitted them under objection from the plaintiff, had the right to reconsider such ruling, on the motion for a new trial, and if the evidence was clearly inadmissible and incompetent, was bound to consider it as if never given, and as no part of the case.

3d. That if it was wholly incompetent, and the Court below gave effect to it as legal evidence and granted a new trial on account of it, such ruling was error, which ought to be corrected in this Court on appeal.

The counsel for respondent appears to concede that the testimony of Kelty and Reynolds was incompetent and inadmissible.

This Court also intimated such to be its opinion on the argument.

If the plaintiff in the Court below makes no objection to the admissibility and competency of the evidence, and on a motion for a new trial it appears clearly incompetent and inadmissible, the Court will give effect to it exactly the same as though it was legal evidence.

Because, if objected to, the party offering it might have supplied its place by other evidence; but to rule it out on a motion for a new trial, where it had passed without objection at the trial, would be to take the party by surprise. (*Jackson* v. *Jackson*, 5 Cow. 173; 1 Rhode Island,

26

179; *Slore* v. *State*, 4 Hemph. 27; 12 S. & M. 134; 4 Id. 367; *New Haven Co. Bank* v. *Mitchell*, 15 Conn. 206; *Wait* v. *Maxwell*, 5 Pick. 219; *Rice* v. *Bancroft*, 11 Pick. 469; *Bond* v. *Baldwin*, 9 Geo. 121; *Bishop* v. *State*, 1 Porter Ind. 107; *McRaven* v. *McGuire*, 9 S. & M. 34.)

According to respondent's counsel, there is no difference—on a motion for a new trial—between illegal evidence which has been objected to, and illegal evidence not objected to. The converse of the proposition is true.

If illegal evidence is admitted against an objection, a new trial will be granted without inquiry as to its effect in any given case. And where the illegal testimony is such as to be a gross violation of the well settled principles which govern proof, its admission is *per se* a ground for a new trial, whether the jury were instructed to disregard it or not. (*Marquand* v. *Webb*, 17 John. 89; *Osgood* v. *M. Co.* 3 Cow. 612; *Craddock* v. *Craddock*, 3 Litt. 77; *Anthone* v. *Coit*, 2 Hall, 40; *State* v. *Allen*, 1 Hawks. 6.)

If illegal testimony is received in a material point, and a bill of exceptions be taken, the Court has no discretion to refuse a new trial. (*Webb* v. *Lowerre*, 8 Barb. 630; *Daniel* v. *Nelson*, 10 B. Mon. 316; 4 Adol. & Ellis, 53; 7 Id. 313.)

The plaintiff, having made his objections to the evidence of Kelty and Reynolds at the trial, can insist upon those objections at every stage of the proceedings, whenever he is sought to be affected by the evidence.

It follows, that on the motion for new trial, if the evidence was inadmissible, the Court had no right to consider it at all. The Court was bound to decide on that motion whether it was legal evidence or not. If it was not legal evidence, it was no evidence at all.

*A. P. Crittenden,* also for Appellant.

Assuming that Kelty and Reynolds were incompetent witnesses; and also, that aside from their testimony there could be no doubt of the correctness of the verdict, and that the order granting a new trial would be such an abuse of discretion that this Court would reverse the same and maintain the verdict, then the case must be considered, both on the motion for new trial and on appeal, as if those witnesses had not been examined. The counsel for respondent contends that the same effect must be given to the testimony of Kelty and Reynolds, whether it be illegal or legal, because otherwise the defendant would

McCloud *v.* O'Neall.

be taken by surprise; and that if the ruling below had been correct, and the testimony had been excluded, defendant might have supplied its place with competent testimony, which it is presumed he had.

Surprise in a matter of law is no ground for a new trial in any case, and it makes no difference how great the hardship which may have resulted to a party from his ignorance of the law. (3 Graham & W. on New Trials, 1004.) The defendant knew at the trial, as well as he will know after being informed by the judgment of this Court, that Kelty and Reynolds were incompetent witnesses, and if he had other witnesses by whom he could prove the same facts, he should have been prepared to offer them.

Suppose this testimony had been objected to and ruled out, as it should have been, and there had been a verdict for the plaintiff, what would be thought of an application by the defendant for a new trial on the ground of his surprise at the legal decision of the Court? Such an application would be instantly denied. He would be told: "You were bound to know the law, and to know that your witnesses were incompetent." (See cases cited, 3 Graham & W. on New Trials, 945–950.)

And suppose he had shown on his application that there were other witnesses by whom he might have proved the same facts, but that, relying upon his opinion of the competency of those offered, he had neglected to procure the attendance of the others, would he not be told that a new trial is never granted to a party on the ground that he came to trial unprepared?

In principle, where is the distinction between the cases? Is not the case before the Court much the weaker of the two, for it nowhere appears that the defendant had any means whatever of proving any of the facts testified to by Kelty and Reynolds.

The Court is asked to presume that the defendant might have supplied other evidence in place of the testimony of Kelty and Reynolds if their testimony had been ruled out.

The whole merit of the defendant's case is involved in this presumption, for if he has no other evidence he could not possibly have been injured by the wrongful admission of the testimony of Kelty and Reynolds, and can derive no possible advantage from a new trial. He has already had a trial under circumstances more favorable than the law allowed him. But upon what ground is this Court to presume that, because the defendant attempted to prove certain facts by incompetent

witnesses, he could or can prove them by competent witnesses? The presumption is the other way. The defendant endeavored to prove certain facts. It was material to his defense to prove them. He was bound to make the proof through competent witnesses. He knew, because he was bound to know, what persons were competent witnesses. Yet he offered only witnesses that were incompetent. In reason and law, it follows that he had no others.

It is presumed that a man will do what is for his obvious advantage. Thus, if a party be pressed by circumstantial proof, having it obviously in his power to destroy its apparent force, if unfounded, by testimony on his own side, but he omit to do so, the very omission supplies a presumption against him, (3 Stark. Ev. 487–8) or, as it is expressed by another writer, " imperfect proof of which the accused, if incorrect, might clear himself, became perfect."

" The mere non-production of written evidence, which is in the power of the party, generally operates as a strong presumption against him."

The idea of any presumption of the defendant's ability to offer unobjectionable evidence merely from his not having done so, when he had every motive to do it, is one that cannot be indulged. Yet take away that presumption, and the whole argument of defendant's counsel is gone. The case then stands thus : The defendant gave all the evidence he had or can produce, legal or illegal. On the trial, he had the benefit of the testimony of Kelty and Reynolds. They were incompetent witnesses and their testimony must be disregarded. To disregard it, cannot injure the defendant. Strike out their testimony and there is no conflict of evidence. Plaintiff's case was completely made out; and the order granting a new trial was a gross abuse of discretion.

*Heydenfeldt,* for Respondent.

If there was no abuse of discretion, then the order granting a new trial must be affirmed.

The testimony of two witnesses establishes positively the fraud in the sale to plaintiff.

The verdict would indicate that the jury discredited these two witnesses.

The grant of a new trial indicates that the Court reached a different estimate of the value of this testimony from that attained by the jury. If so, then the Court exercised a healthful discretion in granting a new trial.

But it is insisted by appellant that these two witnesses were incompetent from interest, and therefore, their testimony ought to be disregarded by this Court.

But this would be contrary to every rule of practice. The competency of these witnesses is the law of the case. The District Court having decided the witnesses to be competent, the defense had a right to rest upon their testimony.

Had they been ruled out, then the defense might have produced other evidence to the same effect, or their competency might have been immediately restored by the execution of a release.

Cope, J. delivered the following opinion:

This is an appeal from an order granting a new trial; and it is admitted that if all the evidence in the case was properly before the jury, this order cannot be disturbed. We think that no question can be raised upon this subject; and that the Court, in passing upon the motion for a new trial, could not properly have disregarded any portion of the evidence upon which the jury acted, in making up their verdict. The jury were bound to consider all the evidence before them; and the question for the Court was, whether, upon this evidence, they had arrived at a correct conclusion. In other words, the Court was called upon to determine whether the jury had properly discharged their duty, and it is obvious that, for the purpose of determining this question, it was necessary that full effect should be given to the evidence. When the competency of evidence has been declared by the Court, the jury are compelled to receive it, and make it the basis of their verdict, and we are unable to see upon what principle any part of it can be disregarded upon a subsequent inquiry as to the correctness of the verdict. As a matter of course, a verdict obtained upon incompetent evidence may be set aside; but this cannot be done where the evidence was admitted without objection; nor can it be done even where the evidence was objected to, upon the ground that effect was given to it by the jury. That which vitiates the verdict, in such a case, is the error of the Court admitting the evidence; and if the party, seeking to set aside the verdict, is not in a position to take advantage of this error, he cannot be heard to object that the evidence was improperly admitted. Where the only objection is, that the verdict was not authorized by the evidence, the question of competency is not a matter for the consideration of the Court; and whatever was before the jury must be regarded as proper and legitimate evidence.

There is no foundation for the appeal; and the order is, therefore, affirmed.

FIELD, C. J.—I concur in the judgment. If the District Court had held the witnesses, Kelty and Reynolds, incompetent, by reason of interest, the defendant might have offered other evidence to the same effect, or their competency might, perhaps, have been immediately restored by the execution of proper releases. The rule for which the appellant contends, would work great injustice in its application. A party failing to produce evidence in his possession, because of the ruling of the Court upon the admissibility of that already given, would often find that he had lost the case from a subsequent change of the views of the Court, without any fault of his own.