Pierce v. Jackson.

## PIERCE v. JACKSON.

On appeal by a plaintiff from an order overruling a motion for new trial, made by him upon the ground of insufficiency of the evidence to justify the verdict, an exception taken by defendant on the trial to the competency of a witness who testified for plaintiff will not be considered.

*McCloud* v. *O'Neal* (16 Cal. 392) affirmed on this point.

One partner may waive grace upon a firm note made by him, and where such note is made payable on demand without grace an action upon it commenced the next day after its execution is not prematurely brought.

M. and J. were partners, and in the regular course of their business as storage merchants, of which M. had the management, received from plaintiff for storage a lot of grain, M. receipting for it in the firm name. Afterwards, the grain having been lost or converted, M. executed to plaintiff a firm note for its value. In an action upon this note J. defended for himself, averring that the note was in effect the individual note of M., and not binding on the firm, and introduced as evidence certain accounts respecting the transaction kept by M., purporting to be between plaintiff and M. individually, and also letters from M. to plaintiff, showing that M. had separate dealings with plaintiff, and had designedly kept J. in ignorance respecting the grain transaction: *Held*, that the note, from the circumstances under which it was made, was the note of the firm, on which J. was liable; that the onus was on him to show a discharge from this liability, and that the evidence introduced was insufficient for this purpose.

APPEAL from the Seventh Judicial District.

The suit is brought upon a promissory note for $5,000, signed "Jackson & McComb," payable to the plaintiff on demand, without grace. The note is dated February 12th, 1861, and the complaint was filed the next day, February 13th.

. McComb made default. The answer of Jackson does not deny that he and McComb were partners at the date of the note, but alleges in avoidance that the note was given, not for a partnership debt, but for the individual debt of McComb; that McComb was the agent for Pierce, and in that capacity had the control of moneys of the plaintiff which were loaned to sundry persons on pledges

of grain held as collateral security, and that the plaintiff had afterwards sold the grain and appropriated the proceeds, but still retained the notes, and claimed that they were unpaid, and that the promissory note in contest was made to cover the balance alleged to be due to the plaintiff on these transactions, which it avers were not transactions of the firm, but grew entirely out of the dealings between the plaintiff and his agent, McComb. The answer also sets up the circumstances under which the note was made, alleging that it was done privately between plaintiff and McComb, and that Jackson knew nothing of it until after the attachment in this cause was issued, and as a deduction that the plaintiff and McComb had conspired to cheat and defraud him by the execution of the note.

The replication denies the agency of McComb, and avers that the grain was deposited in the warehouse of Jackson & McComb, and plaintiff held their warehouse receipts for it; that whilst they so held it on storage for the plaintiff they sold a portion of it, and converted the proceeds to their own use without the knowledge or consent of the plaintiff; that they shipped the remainder of it to the plaintiff, at San Francisco, without his knowledge, and without informing him what grain it was, and directed him to sell it for their account, which he did, and accounted to them for the proceeds, which they converted to their own use; that the note in contest was given to cover the amount thus received by Jackson & McComb from the sales of grain stored in their warehouse in the plaintiff's name, and for his account.

The replication admits that the execution of the note was intentionally concealed from Jackson, not from any fraudulent purpose, but because the plaintiff, knowing the firm to be in failing circumstances, was apprehensive that Jackson might dispose of his property to defeat an attachment.

On the trial the note was put in evidence, and McComb, under exception of defendant to his competency, was examined as a witness for the plaintiff, and his testimony sustained the allegations of the replication.

Plaintiff also introduced in evidence the warehouse receipts for the grain, executed in the firm name, and showed that the grain

was received and stored in the regular course of the partnership business.

The defendant introduced witnesses to impeach McComb; and also, to show that the grain was not stored on partnership account, put in evidence the accounts kept with plaintiff, some of which were in the name of McComb alone, and letters addressed by him to plaintiff, showing that some of his (McComb's) transactions were independent of Jackson, and were kept from his knowledge; and also other proof, tending to show collusion between plaintiff and McComb to defraud Jackson.

As to what was done with the grain after it was stored there was no direct evidence, except that of McComb, who testified that it was sold, and the proceeds applied to the use of the partnership.

The jury found a verdict for defendant. Plaintiff moved for a new trial, which was denied, and from this order he appeals.

*Crockett & Crittenden,* for Appellant.

I.   Upon the pleadings and the undisputed facts the judgment should be reversed. First—The defendants were partners in the storage and commission business, and had a warehouse for storage, at Suisun City, at the date of the note sued upon, and at the date of the transactions out of which the note grew. Second—The note was executed and delivered during the existence of the partnership. This is admitted in the answer. Third—The plaintiff had loaned money to sundry persons, whose names are stated in the answer, and as a security for his advances a large amount of grain was pledged to him, which he caused to be stored for his account in the defendants' warehouse, and for which he holds the warehouse receipts, which receipts were produced by him on the trial. Fourth—The grain disappeared from the warehouse, and has been sold by some one. The defendant, Jackson, says it was received and sold by the plaintiff, and that he used the proceeds for his own use.

The defendant has entirely failed to show in any method that the plaintiff received to his own use a single dollar of the proceeds of the grain. The burden of proof is on him.

The production of the note made a *prima facie* case for the

plaintiff. In avoidance, the defendant alleges that the note was given to cover an assumed liability of the defendants, because of their alleged conversion of the grain and its proceeds to their own use ; whereas, the answer avers the grain and its proceeds were in fact converted by the plaintiff to his own use. The replication denies this, and the defendant has utterly failed to prove it. On the contrary, the only proof in the cause on this point clearly establishes that the defendants converted the proceeds to their own use.

The case then is this : Defendants were warehousemen, and received on storage for the plaintiff certain grain, for which they issued to him warehouse receipts, which he still holds ; the defendants fraudulently and in violation of their duty sold the grain and used the proceeds ; they thereby became liable to the plaintiff for the value of the grain, and as evidence of this liability, and in consideration of it, one of the partners, during the partnership, executed to the plaintiff, in the name of the firm, the promissory note sued upon.

The verdict is, therefore, not simply against the weight of evidence, but is wholly unsupported by any evidence, and should be set aside, and a new trial awarded.

II.   A partner clearly has the right to waive grace upon a note made by him in the firm name.   There is no force in the objection that the suit was prematurely brought.

III.   Whether McComb was a competent witness is immaterial for the purposes of this appeal. (*McCloud* v. *O'Neal*, 16 Cal. 392.)

*John Currey*, for Respondent.

I.   The defendant McComb who had made default, was interested in the event of the action against his co-defendant, and was an incompetent witness for plaintiff. (*Washburn* v. *Alden*, 5 Cal. 463 ; *Easterly* v. *Basignano*, 20 Id. 489 ; *Lucas* v. *Payne*, 7 Id. 92, 96 ; *Gates* v. *Nash*, 6 Id. 194 ; Pr. Act, secs. 392, 393 ; 1 Greenl. Ev. secs. 390, 391 ; *Jones* v. *Post*, 4 Cal. 14.)

II.   The action on the note in question was prematurely commenced.

One partner of a firm such as that of Jackson & McComb, when dealing with a person knowing the character of the business of such firm, has not the authority, by reason of his partnership relation, to waive the commercial days of grace incident to a promissory note. Before McComb could waive the days of grace which the law of the land gave to Jackson & McComb, as the makers of a promissory note, it must appear that he had express authority from Jackson so to do, or that it had been the practice of such firm thus to do, to a degree from which the necessary authority could justly be inferred. In this case no such authority, express or implied, was proved, and therefore it must be presumed none existed.

III. The verdict and judgment rendered in the case were not only warranted, but were demanded by the evidence.

A Court is not authorized to set aside a verdict of a jury because they find otherwise than the Court would have found. This is the rule laid down by many authorities. (See 3 Graham & Waterman on New Trials, 1283, etc.)

The jury had the right and was in duty bound to decide upon the credibility of the witnesses, and having decided against the credibility of McComb, their verdict is conclusive. (3 Graham & Waterman on New Trials, 1261–1283. (*Carstairs* v *Stein*, 4 Maule & Selwyn, 192; *Dickson* v. *Parker*, 3 How. [Miss.] 219; *Eaton* v. *Burton*, 2 Hill, 578; *Winchell* v. *Latham*, 6 Cow. 682; *Fleming* v. *Hollenback*, 7 Barb. 275; cases cited in 3 Graham & Waterman on New Trials, 1241–1256; 3 Hill, 251; *Spect* v. *Hoyt*, 3 Cal. 420; *Bartlett* v. *Hogden*, Id. 59; *Drake* v. *Palmer*, 2 Id. 182; *Duell* v. *B. R. and A. Mining Co.*, 5 Id. 85.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

We do not see how the verdict in this case can be sustained. The question, as between the plaintiff and Jackson, is whether the latter is responsible for the grain stored in the warehouse of himself and McComb on account of the former. Jackson and McComb were partners, and the grain was stored in the regular course of their business, and receipts were given for it in their name. The charges of fraud and collusion on the part of the plaintiff and

McComb do not, in our opinion, affect the question of the liability of Jackson. The fact that the grain was stored as stated is clearly proved, and the only way to meet it is to show that the liability incurred has been discharged. The onus rests upon the party asserting it, and the efforts made to discredit the testimony of McComb proves nothing upon the subject. The attempt at the trial was to show that Jackson had no connection with the transaction, but the evidence was obviously insufficient for that purpose. As against the fact that the grain was received and receipted for in the partnership name, the evidence relied on is entitled to no weight. It consists of accounts kept in the name of McComb alone, and letters addressed by him to the plaintiff, in all of which there is nothing repugnant to the position that Jackson was a party. It may be that there were transactions between the plaintiff and McComb to which he was not a party, but there is no evidence that the storage of the grain was other than a partnership matter. As to what was done with the grain, the evidence, so far as there is any evidence on the point, shows that it was sold, and the proceeds applied to the use of the partnership.

The objection that the suit was prematurely brought is untenable; and the objection to the competency of McComb as a witness is not available on this appeal. (*McCloud* v. *O'Neal,* 16 Cal. 392.)

Judgment reversed, and cause remanded for a new trial.

On application by respondent for a modification of the judgment—Per COPE, J. FIELD, C. J. concurring.

The petition in this case does not ask a rehearing, but a modification of the judgment, so as to allow the defendant, Jackson, to amend his answer in certain particulars. The Court below, independent of any direction on our part, has full power to allow the amendment, but there is no impropriety in giving the direction, and we shall therefore do so. The costs in the case will abide the event of a new trial.