[No. 14729.   Department Two. —March 11, 1892.]

IN THE MATTER OF THE ESTATE OF GEORGE L. KINGSLEY, DECEASED.

ESTATES OF DECEDENTS — FAMILY ALLOWANCE — DISCRETION AS TO AMOUNT. — The discretion of the probate court in the matter of fixing or refusing to reduce the amount of a family allowance is necessarily nearly conclusive.

BILL OF EXCEPTIONS — OPINION OF COURT — RECITAL OF FACTS. — Where the opinion of the court is incorporated in a bill of exceptions, the bill only settles the fact that such opinion was rendered and filed, and cannot be regarded as determining that the recitals of fact contained in it are true.

ID. — EFFECT OF OPINION — REVIEW ON APPEAL. — With the process of reasoning in the opinion of the court below by which it reached its conclusion, the appellate court has nothing to do; but to justify a reversal, the appellant must show an erroneous ruling, and not merely bad reasoning or mistaken views of the law.

APPEAL from an order of the Superior Court of Tehama County refusing to reduce a family allowance.

L. V. Hitchcock, for Appellant.

N. P. Chipman, for Respondent.

TEMPLE, C. — This appeal is taken by Henry Kingsley, brother and residuary legatee of the testator, from an order refusing to reduce the family allowance theretofore fixed by the court.

The bill of exceptions states certain facts, but evidently nothing which would justify our interference with the discretion of the probate court, which in such cases must necessarily be nearly conclusive. In the bill of exceptions is what purports to be an opinion of the court, in which are recited many other matters which the judge assumed to be facts. But the bill of exceptions, as to this opinion, only settles the fact that such opinion was rendered and filed. It cannot be regarded as determining that the recitals contained in it are true. If they had been signed as findings, the respondent might have objected to them as not sustained by the evidence. The opinion might perhaps have been regarded as the findings of fact, but it does not seem to have been so considered by the parties, and the appellant asserts no such claim here. With the process of reasoning by which the court reached its conclusion, we have nothing to do. That may have been erroneous, and the ruling correct. To justify a reversal, it is incumbent upon the appellant to show an erroneous ruling, and not merely bad reasoning or mistaken views of the law. Had there been findings showing that $250 per month was a sufficient allowance, perhaps the question might have been raised here. It certainly could have been had the ruling of the court been the other way. On this record we do not feel called upon to criticise the case of *Estate of Stevens*, 83 Cal. 322, 17 Am. St. Rep. 252, or to say whether the intimation that an order of allowance is final can be sustained.

Under the circumstances, the order appealed from should be affirmed.

Foote, C., and Fitzgerald, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order is affirmed.

Hearing in Bank denied.