[Civ. No. 2872. First Appellate District, Division One.—June 16, 1919.]

## GLOBE GRAIN AND MILLING COMPANY (a Corporation), Respondent, v. BEN DRENTH, Constable, etc., Appellant.

[1] APPEAL—STATEMENT OF FACTS IN OPINION—LAW OF THE CASE.— A statement of facts set forth in an opinion as the ground upon which an appellate court bases its decision of a point of law does not constitute the law of the case.

[2] CONVERSION—ACTION AGAINST CONSTABLE—VERIFIED CLAIM OF OWNERSHIP—ALLEGATION IN SEPARATE DEFENSE—PROOF.—In an action against a constable for the conversion of certain personal property sold under a writ of execution, the allegations in a separate defense that a verified claim of ownership had been served upon him did not relieve the plaintiff of the necessity of proving that fact in order to establish its case.

[3] ID.—ALLEGATION OF ANSWER—CONSIDERATION AS PROOF—MOTION FOR NEW TRIAL.—Where such allegation in the separate defense that a verified claim of ownership had been served was regarded as evidence in favor of plaintiff, the defendant, upon a motion by plaintiff for a new trial, is not entitled to have such evidence disregarded.

[4] APPEAL—ORDER GRANTING NEW TRIAL—OBJECTION THAT EVIDENCE IMPROPERLY ADMITTED.—On an appeal by defendant from an order granting a new trial, he cannot be heard to complain that evidence was improperly admitted in favor of plaintiff.

APPEAL from an order of the Superior Court of Fresno County granting a new trial. Geo. E. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Barnard & Watters and S. L. Strother for Appellant.

Short & Sutherland and Carl E. Lindsay for Respondent.

KERRIGAN, J.—This is an appeal from an order granting the plaintiff a new trial in an action for the conversion of certain personal property.

It appears that S. C. Robertson and Geo. R. Harrison in the month of June, 1916, had undertaken to sell to plaintiff approximately two carloads of barley and to deliver the

same when harvested at a certain near-by railroad station. During the course of the harvesting and before the completion thereof, the defendant took the barley into his possession as constable under a writ of attachment, and subsequently sold it under execution. In a former trial of this action a motion for nonsuit was granted upon the grounds that plaintiff's evidence failed to show a sale to it of the barley, or a sufficient change of possession thereof, if sold, to satisfy the requirements of section 3440 of the Civil Code. From the judgment entered upon the order granting the nonsuit, plaintiff appealed, and upon that appeal this court held that growing crops did not come within the meaning of said section of the Civil Code. In reviewing the facts at that time we also said that the testimony introduced by plaintiff tended to show that an actual sale of the barley had been made to the plaintiff, and that, as the defendant admitted that plaintiff at the time of the attachment had served upon him a verified claim of ownership, and did not deny that he had refused to deliver the barley to the plaintiff, it was clear that the latter had established a *prima facie* case. Accordingly, the judgment entered upon the nonsuit was reversed.

Upon the second trial the jury brought in a verdict in favor of the defendant, upon which, as before stated, judgment was entered. Subsequently the court granted plaintiff's motion for a new trial, basing its order upon three grounds, but which can be supported only upon the ground of the insufficiency of the evidence to sustain the judgment. The pleadings and evidence were the same on both trials, the only difference being that the first trial, and the appeal therein, proceeded on the theory that an allegation in the defendant's second and special defense, to the effect that plaintiff had served him with a verified claim of ownership, was an admission in favor of plaintiff to that extent; whereas upon the present trial the ruling and instruction of the court that such statement in the special defense should be so considered by the jury must, we think, be deemed to have been made and given over the objection of the defendant. The plaintiff in no other way attempted to prove its demand upon defendant, and now insists that no competent evidence was before the jury of service of the verified claim of ownership of the barley, and, hence,

that · the plaintiff, having thus failed to establish its case (Code Civ. Proc., sec. 689), it cannot be held that the evidence was insufficient to sustain the judgment in the defendant's favor.

We agree with defendant that plaintiff was not relieved of the necessity of proving such demand on the theory that the statement in the former opinion that the plaintiff's evidence as there reviewed made out a *prima facie* case, constituted the law of the case. What was there said on the subject was said concerning the facts of the case as assumed to be disclosed by the record then under review. **[1]** A statement of facts set forth in an opinion as the ground upon which an appellate court bases its decision of a point of law does not constitute the law of the case. (*Wallace* v. *Sisson,* 114 Cal. 42, [45 Pac. 1000]; *Moore* v. *Trott,* 162 Cal. 272, [122 Pac. 462]; *Cowell* v. *Snyder,* 171 Cal. 297, [152 Pac. 920].)

**[2]** Nor do we think, as argued by the plaintiff, that the allegations in defendant's second and separate defense, that a verified claim of ownership had been served upon him, relieved the plaintiff of the necessity of proving that fact in order to establish its case. The allegation in the answer was new matter constituting a defense, which must, under the rule prevailing in this state, be deemed controverted, and may not be regarded as evidence in favor of plaintiff. (*Tustin Packing Co.* v. *Pacific Coast F. & A. Co.,* 21 Cal. App. 274, [131 Pac. 338].) **[3]** But having been so regarded upon the trial, the defendant, upon a motion by plaintiff for a new trial, is not entitled to have this evidence disregarded. As before stated, the only ground upon which the order in this case granting a new trial can be supported is that the evidence is insufficient to sustain the judgment in favor of the defendant, **[4]** and the established rule is that on an appeal by defendant from such order he cannot be heard to complain that evidence was improperly admitted in favor of plaintiff. The case upon appeal, therefore, must be considered in the light of all the evidence embraced within the record, including that improperly admitted over the defendant's objection. (*McCloud* v. *O'Neall,* 16 Cal. 392; *In re Olmsted's Estate,* 122 Cal. 224, [54 Pac. 745]; *Pierce* v. *Jackson,* 21 Cal. 636;

1 Hayne on New Trial and Appeal, sec. 98.)   It follows that the allegation of defendant's separate defense above referred to, having been presented to the jury as an admission in favor of the plaintiff, although over defendant's valid objection, was properly regarded as evidence in the case by the trial court in its decision on the motion for a new trial.

For the reasons given the order is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 14, 1919.

All the Justices concurred, except Wilbur, J., who was absent.