[Civ. No. 348. Fourth Appellate District.—September 19, 1931.]

ANNA M. RAPP et al., Appellants, v. SOUTHERN SERVICE COMPANY (a Corporation), Respondent.

James B. Ogg, J. B. Joujon Roche and V. A. Morgan for Appellants.

Joe Crider, Jr., Elber H. Tilson and Lee Solomon for Respondent.

JENNINGS, J.—A rehearing was granted herein for the purpose of giving further consideration to the point that the action of the trial court in granting respondent's motion for a directed verdict at the conclusion of the trial was justified by reason of the fact that there was no evidence of sufficient substantiality to show that, at the time of the accident which resulted in the death of decedent, the general manager of respondent, Fred E. Whyte, was acting within the scope of his employment.

The action was one instituted by the widow and minor child of Leo A. Rapp, deceased, to recover damages resulting from his death. The trial court on motion of defendant directed the jury to return a verdict in favor of defendant for the reason that the court was of the opinion that the evidence showed that the decedent was guilty of contributory negligence which proximately contributed to the injuries described in the complaint. The jury thereupon returned its verdict in favor of defendant and judgment

was entered thereon. Plaintiffs have appealed. The question presented on this appeal, therefore, is whether the trial court erred in directing a verdict in defendant's favor.

The decedent suffered injuries resulting in his death in a collision between himself and an automobile operated by Fred E. Whyte, general manager of the defendant corporation. The accident occurred on the evening of December 9, 1927, at the intersection of Almansor Street and Valley Boulevard in the city of Alhambra. At about 10 P. M. of that day the deceased alighted from a bus which had stopped at the southeast corner of the intersection of Almansor Street and Valley Boulevard and started to cross Valley Boulevard. A drizzling rain was falling at the time. As the deceased pursued his course across the boulevard he passed directly in front of an automobile approaching him from the west, at which time he turned his head in the direction of this automobile. He then turned his head in the direction in which he was walking and, without again looking up, continued on his way across the boulevard. The deceased had arrived at a point a few feet south and east of the center point of the intersection of the two streets when the collision between himself and the automobile operated by Fred E. Whyte occurred. This latter automobile was then proceeding in an easterly direction on Valley Boulevard at a speed of approximately twenty miles per hour. When the deceased was approximately fifty feet ahead of this automobile he was observed by one of its occupants. At that time the deceased was crossing Valley Boulevard at an ordinary pace with his head down.

In view of the foregoing facts, which were established by the testimony of the two living witnesses who were present at the scene of the accident and observed the conduct of deceased immediately prior to the collision, it is urged that the action of the trial court in directing the jury to return a verdict in favor of respondent on the ground that deceased was guilty of contributory negligence as a matter of law constituted error.

It is settled in California that the right of a court to direct a verdict is, with regard to the condition of the evidence, absolutely the same as the right of a court to grant a nonsuit; and also that a court may grant a nonsuit when, disregarding conflicting evidence and giving to

plaintiff's evidence all the value to which it is legally entitled, therein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff if such a verdict were given. (*Perera* v. *Panama-Pacific International Exp. Co.*, 179 Cal. 63 [175 Pac. 454]; *Estate of Caspar*, 172 Cal. 147 [155 Pac. 631].)

 It is equally well established that "contributory negligence 'is a question of law only when the evidence is of such a character that it will support no other legitimate inference than that in the one case the plaintiff was guilty of contributory negligence . . . When the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then, and only then, does the law step in and forbid plaintiff a recovery . . . Even where the facts are disputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury.' (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 240 [116 Pac. 513]; *Wing* v. *Western Pac. Co.*, 41 Cal. App. 251 [182 Pac. 969].) And the question of contributory negligence must be determined without regard to any negligence on the part of defendant. (*Hutson* v. *Southern Cal. Ry. Co.*, 150 Cal. 701, 703 [89 Pac. 1093].)'" (*Moss* v. *H. R. Boynton Co.*, 44 Cal. App. 474, 476 [186 Pac. 631]. See, also, *White* v. *Davis et al.*, 103 Cal. App. 531, 538 [284 Pac. 1086, 1091].)

Since we are here dealing with the reciprocal rights and duties of a pedestrian and the operator of an automobile on a public street, decisions of our courts in cases of this character are illuminating. In *White* v. *Davis, supra,* the contention that the plaintiff, a pedestrian who had been struck and injured by an automobile truck, was guilty of contributory negligence, as a matter of law, was one of the subjects under consideration by the court. In its decision, the court uses the following pertinent language: "The question as to whether a given state of facts constitutes contributory negligence, as a matter of law, or whether it is a matter that should go to the jury, as a question of fact,

is often a close one. The solution depends entirely upon the existing circumstances in each particular case. Unusual circumstances may determine in a given case whether or not reasonable minds might legitimately draw different conclusions on the question of negligence. There seems to be a general rule running through the cases where a pedestrian, or one standing on a highway, is injured by an automobile, which usually determines whether the question of contributory negligence is one of law, or of fact. Where the injured party fails to look at all, or looks straight ahead without glancing to either side, or is in a position where he cannot see, or in other words, where he takes no precaution at all for his own safety, it is usually a question for the court. Where he looks but does not see an approaching automobile, or seeing one, erroneously misjudges its speed or distance, or for some other reason assumes he could avoid injury to himself, the question is usually one for the jury."

While it is obvious that the question as to whether the deceased, under the state of facts herein appearing, was guilty of contributory negligence as a matter of law is a close one, it would appear that under the more recent decisions of our courts, the question must be deemed to have been one of fact and that it should have been submitted to the jury for their determination. The evidence presented at the trial shows that the deceased, as he walked out in the street in front of the automobile operated by Dr. Riddell, turned his head towards the Riddell automobile and looked in the direction from which the automobile operated by Fred E. Whyte was approaching. Whether deceased did not see the approaching vehicle, or having seen it misjudged its speed or the distance that intervened between it and him cannot, of course, be discovered. The fact remains that deceased did take some precaution. He did at least look up and in the direction from which danger was to be expected. This action on his part would appear to be sufficient to relieve him of the disability of contributory negligence as a matter of law and appellants were entitled to have the question submitted to the jury as a matter of fact.

It is urged that the trial court, in directing a verdict for respondent, did not necessarily limit its action in so doing to the single ground that deceased was guilty of

contributory negligence as a matter of law. The language employed by the court in directing a verdict for respondent is as follows: "Ladies and gentlemen, the court finds that in this case, from the evidence, that the decedent, Leo A. Rapp, was guilty of contributory negligence at the time and place of the accident which proximately contributed to the injuries complained of. Therefore, it instructs the jury to return a verdict for the defendant."

It is clear that the court in its direction of a verdict did confine itself to the single ground of contributory negligence. The language is plain and unequivocal. That such was the court's intention is made doubly clear by the following dialogue between the court and counsel for appellant during the argument of respondent's motion for a directed verdict:

"The Court: It seems to me that the evidence in this case shows that the decedent did not exercise any care at all. I cannot see it any other way. I was very doubtful on the other motion.

"Mr. Ogg: I think that under the authorities, your Honor, he exercised all the care that the law required and that, in any regard, is a question for the jury—to say whether or not he was guilty of contributory negligence. That is a question for the jury under the instructions of this court. There is not sufficient evidence to find a man guilty of contributory negligence as a matter of law because the evidence is that he looked to the west, the source from which danger would be expected.

"The Court: The only testimony about his looking is that he looked toward this car and then looked down.

"Mr. Ogg: Well, if the court please, Dr. Riddell testified he looked towards his car and he was going to draw a conclusion to the effect that he figured he had plenty of time to pass it.

"The Court: I am going to grant the defendant's motion. Call the jury."

Nevertheless, it is the action of the court in directing the verdict rather than the court's reason for taking the action that is the subject of review on appeal. It is the judgment in favor of respondent based on the verdict directed by the court which is the subject of this appeal and if the judgment is right upon any theory of law appli-

cable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion (2 Cal. Jur., p. 809). In *Davey* v. *Southern Pac. Co.*, 116 Cal. 325, 329 [48 Pac. 117], the court says: "No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion." (See, also, *In re Kingsley*, 93 Cal. 576 [29 Pac. 244]; *Unger* v. *San Francisco-Oakland Rys.*, 61 Cal. App. 125, 137 [214 Pac. 510]; *People* v. *Bailey*, 30 Cal. App. 581, 590 [158 Pac. 1036].)

If, therefore, the action of the trial court in directing a verdict for respondent is capable of being sustained on another ground than that relied upon by the court, the judgment should be affirmed. It is urged that such other ground exists in the alleged failure of proof by appellants that Fred E. Whyte, who operated the automobile which collided with the deceased, was, at the time of the accident, acting within the scope of his employment. . It is elementary that in order to fasten upon the master liability for damages occasioned by a tortious act of the servant, there must be proof that at the time the tort was committed the servant was engaged on the master's business.

The evidence introduced, which tended to show that respondent's agent was acting within the scope of his employment at the time of the accident, consists first of the admission in respondent's answer that Fred E. Whyte was the general manager of respondent; second, that on the evening when the accident occurred Whyte was operating his own automobile and was returning to his home in Pomona after having attended a meeting at a cafe in Los Angeles at which there were present thirty or forty persons engaged in the business of dry cleaning, in which business respondent is engaged and that the meeting had been arranged for the purpose of presenting for discussion by fire chiefs and representatives of dry-cleaning establishments a certain law relating to the operation of dry-cleaning establishments, which had been enacted by the preceding legis-

lature; and third, a declaration by Fred E. Whyte in the hospital to which the decedent was taken following the accident, that he was on company business at the time the accident occurred.

Since the declaration of the general agent of respondent that he was on company business has an important bearing on the question now under consideration, it is proper to relate in what manner the record shows that it appears in the evidence produced at the trial. Dr. O. J. Riddell was called as a witness on behalf of plaintiffs and was asked the following question: "What happened after he cleared your car?" The witness stated what he saw at the time of the accident; that he assisted in removing the injured man, in his own automobile, to the Alhambra hospital; that he was followed to the hospital by Fred E. Whyte and his guest Presnell in the former's automobile. The witness then said: "Mr. Whyte at this time asked that I . . . " When the witness had reached this point in his testimony an objection was interposed by counsel for respondent that the statement the witness was on the point of relating was a volunteer statement and hearsay. Later, counsel added the objection that no proper foundation for the admission of the statement had been laid. The trial court overruled the objections thus made and the witness then continued his testimony during which he testified that Mr. Whyte made the statement that he was on company business and that he was insured. At the conclusion of the testimony wherein the witness testified to the statement made by Whyte at the hospital, counsel for respondent moved that the portion of the testimony containing the statement be stricken from the record on the grounds that no foundation had been laid for relating the conversation, that the statement was not binding on respondent, that it was incompetent, irrelevant, immaterial and was not an admission against interest, and was not a part of the *res gestae*. The motion was by the court denied.

It is obvious that the statement of the general manager of respondent, who operated the automobile which collided with the decedent, that he was on company business at the time of the accident, is important to appellant's case, for unless it appears that there was evidence of sufficient substantiality tending to establish that Whyte, at the time of

the accident, was acting in the scope of his employment, a necessary element to appellant's case was lacking and the motion for a directed verdict was properly granted. If the statement attributed to Whyte by the witness Riddell is eliminated, it is at least open to doubt that the evidence relating to the character of the meeting which Whyte had attended, standing alone, would suffice to sustain appellant's contention that it was *prima facie* established that the accident occurred at a time when Whyte, the agent, was acting in the scope of his employment.

Conceding, without deciding, that the objections of respondent to the admission of the statement of Whyte that he was on company business were well taken and should have been sustained, the problem of the possibility of successful attack by the respondent is presented. Respondent has taken no appeal from the judgment. Respondent is interested solely in maintaining the judgment in its favor, based upon the verdict of a jury returned in conformity with the direction of the court. The statement of respondent's general manager that he was on company business at the time of the accident had been received in evidence and was before the court who had twice ruled in favor of its admissibility. ▮ It is the general rule that a respondent in whose favor a judgment is rendered is interested only in maintaining the judgment, and that he cannot on an appeal of the opposite party ask a court of review to consider any errors against him. (2 Cal. Jur., p. 839.) This is true even though errors of which respondent complains were excepted to by him in the trial court and included in a bill of exceptions and are argued or discussed in respondent's brief (2 Cal. Jur., p. 839; 3 Cor. Jur., p. 1404). "The party who prevailed at the trial has no errors, committed at the trial, to complain of, and if he had he would not be heard to complain, for he was not injured thereby." (*Byxbee* v. *Dewey,* 128 Cal. 322, 324 [60 Pac. 847].) The following California decisions are authority for the above stated rule: *Seaward* v. *Malotte,* 15 Cal. 305; *Klauber* v. *San Diego Street Car Co.,* 98 Cal. 105 [32 Pac. 876]; *Estate of Olmsted,* 122 Cal. 224 [54 Pac. 745]; *Coyle* v. *Lamb,* 123 Cal. 264 [55 Pac. 901]; *Globe Grain & Milling Co.* v. *Drenth,* 41 Cal. App. 604 [183 Pac.

285]; *Meeker* v. *Cross*, 59 Cal. App. 512 [211 Pac. 229], opinion on application for rehearing.

The decision in *Globe Grain & Milling Co.* v. *Drenth, supra,* is illuminating on the problem now under discussion. In this case defendant appealed from an order granting plaintiff a new trial in an action for the conversion of barley. In a former trial plaintiff was nonsuited on the ground that plaintiff's evidence failed to show a sale of the barley or sufficient change of possession to satisfy the requirements of section 3440 of the Civil Code. From the judgment entered upon the nonsuit plaintiff had appealed and it was held that growing crops were not subject to the provisions of section 3440 of the Civil Code and the judgment was therefore reversed. Upon the second trial the jury returned a verdict in defendant's favor and judgment was entered thereon. Plaintiff moved for a new trial, which was granted. On appeal from the order it was observed that the court's action could be sustained only on the single ground that the evidence was insufficient to justify the verdict. During the second trial the court made a ruling and gave an instruction to the effect that a certain statement in one of defendant's special defenses that plaintiff had served upon defendant a verified claim of ownership of the barley was to be considered by the jury as an admission in plaintiff's favor. It was observed that plaintiff had in no other manner attempted to prove a demand upon defendant and it was contended that since there was no competent evidence of plaintiff's claim of ownership, therefore the plaintiff had failed to establish its case and that it could not be said the evidence was insufficient to sustain the judgment rendered in defendant's favor. The appellate court agreed that the plaintiff was not relieved of the necessity of proving a demand because of the allegations contained in defendant's answer that a claim of ownership had been served upon him, pointing out that such an allegation was new matter constituting a defense and deemed controverted and could not be regarded as evidence in plaintiff's favor. The court then went on to say that having been regarded as evidence during the trial the defendant, upon plaintiff's motion for a new trial, was not entitled to have it disregarded and upon appeal from the court's order could not be heard to complain that evidence had been

improperly admitted in plaintiff's favor. "The case upon appeal, therefore, must be considered in the light of all the evidence embraced within the record, including that improperly admitted over the defendant's objection. (*McCloud* v. *O'Neall,* 16 Cal. 392; *In re Olmsted's Estate,* 122 Cal. 224 [54 Pac. 745]; *Pierce* v. *Jackson,* 21 Cal. 636; 1 Hayne on New Trial & Appeal, sec. 98.)"

█ To apply the language above quoted, this case upon appeal must be considered in the light of all the evidence embraced in the record before us, including evidence that may have been improperly admitted over respondent's objections.

It is contended by respondent that in declining to consider the propriety of its objections to the evidence respecting the statement by respondent's general manager that at the time of the accident he was on company business, the anomalous result is achieved that the judgment based on the verdict directed by the court is reversed in the face of a necessary element of plaintiff's case being supported by evidence which, for the sake of this argument, we may concede was incompetent, whereas it is pointed out that had the case been permitted to go to the jury, and assuming a verdict in plaintiff's favor and judgment thereon, the error in admitting the testimony complained of would have been fatal and necessitated a reversal of the judgment. The first answer to this argument is that in the supposititious case where the jury might have rendered a verdict for plaintiffs, on appeal from the judgment entered thereon, the present respondent would be the appellant, the party aggrieved, interested not in maintaining, but in reversing the judgment, specifying the errors claimed to be prejudicial as ground for reversal, whereas the sole interest of respondent in the present appeal is to maintain the judgment. A second answer to the argument is to be found in the language of the court in *Seaward* v. *Malotte,* 15 Cal. 305, 306:

"The verdict was so palpably against this evidence, that it should have been set aside without hestitation. Several objections, it is true, were taken to the evidence thus offered, but as they were overruled, we do not notice them. The defendants are not the appellants, and had the ruling been

otherwise, *it is possible that other evidence might have been offered."* (Italics ours.)

So it may be said in the instant case that had the trial court sustained respondent's objections to the testimony attacked as incompetent and hearsay, it is possible that other competent testimony might have been introduced which would have established that respondent's general manager was, at the time of the accident, acting within the scope of his employment. The effect of the reversal of the judgment herein will be to cause a retrial of the action wherein appellant may be able to produce additional evidence tending to sustain the necessary element that respondent's general manager was acting within the scope of his employment at the time the automobile which he was operating collided with decedent. If the judgment based on the directed verdict is affirmed the opportunity of producing such evidence is entirely removed and the judgment becomes final.

It must be assumed that the trial court, at the time it granted the motion for a directed verdict, had in mind the evidence bearing on the question of respondent's general manager acting within the scope of his employment at the time of the accident, which the court had theretofore admitted. ■ We are of the opinion that this evidence was sufficient to entitle appellants to have the question submitted to the jury and that the action of the trial court in directing a verdict for respondent may not be sustained on the ground that no evidence of sufficient substantiality, tending to show that when the accident occurred respondent's general manager was acting within the scope of his employment had been introduced.

The judgment is reversed.

Barnard, P. J., concurred in the order.

Marks, J., dissented.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 15, 1931.

Marks, J., dissented.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 16, 1931.

Richards, J., and Preston, J., dissented.