[Civ. No. 8853.   Second Appellate District, Division Two.—August 26, 1933.]

JOHN S. GERNHARDT, Respondent, v. I. RANCADORE et al., Appellants.

George L. Greer and Jennings & Belcher for Appellants.

Leonard E. Thomas and Harold A. Jones for Respondent.

CRAIG, J.—In an action for damages alleged to have been incurred through the negligent operation of an automobile, a trial before a jury resulted in favor of the plaintiff. The defendants appealed.

It is contended by the appellants that the record presents as a matter of law contributory negligence on the part of the respondent which would have constituted a bar to recovery, and requires a reversal of the judgment. The appellants premise their argument by conceding its limitation by the rule that "when the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury", it ceases to be a question of fact for the determination of the jury. Upon the trial the plaintiff was shown to have alighted from a public vehicle on an easterly and westerly street, which thereafter proceeded in a westerly direction. He thereupon started across said thoroughfare toward the south, and had arrived at or below the center line of the street when he was thrown by the left rear door of the defendants' car, and was injured. It was dark, the street lights were burning, and the plaintiff had seen a number of automobiles approaching from the westerly direction as he attempted to cross. He raised his left arm, signaling with an umbrella, that he intended to cross. There were no street signals, nor were there lines on the pavement to mark a

pedestrian zone. Witnesses differed as to the distance within which the defendants stopped after the impact being eight or ten feet or more than forty feet, and the speed of their car was estimated at eighteen miles per hour, and at twenty-five miles, and again as "very fast". It was testified that respondent stopped when he arrived at the center of the street, and that he was frightened, as he had previously seen the cars about three blocks distant and believed he had ample time to reach the south side of the street. He swore: "I didn't know whether to stop or go forward or backward; I was just stunned." "I held it up, the umbrella, to beg him to get him to stop the car, and of course that is all I know; just then I was hit." There was other evidence that the plaintiff was standing still, to await the passing of the cars. A passenger of the defendants testified: "I only saw this man standing there and he had some luggage in his hands and all of a sudden there was a crash and he came in through the window." The defendant Rancadore conceded that "he was standing still". It would seem that the respondent can be said to have done no less than was necessary to bring the case within the rule announced in a somewhat recent case wherein it was observed that the injured person "did at least look up and in the direction from which danger was to be expected. This action on his part would appear to be sufficient to relieve him of the disability of contributory negligence as a matter of law and appellants were entitled to have the question submitted to the jury as a matter of fact." (*Rapp* v. *Southern Service Co.*, 116 Cal. App. 699 [4 Pac. (2d) 195].) It would be difficult to determine as a matter of law that the appellants' automobile was at a distance, or traveling at a rate of speed, which justified the respondent in crossing the street at said time, or that he did all that a reasonable and prudent man would be expected to do in standing at the center of the street at a time when the defendants were proceeding easterly. The question of contributory negligence must be determined without regard to negligence on the part of the driver. (*Hutson* v. *Southern Cal. Ry. Co.*, 150 Cal. 701 [89 Pac. 1093].) He must be held responsible not only for the result of his wilful acts, but also for an injury occasioned to the plaintiff by a want of ordinary care or skill in the management of his property, except so far as the plaintiff wilfully or by want of ordinary

care brought the injury upon himself. (Civ. Code, sec. 1714.) "If reasonable men might differ as to whether or not the plaintiff did what an ordinarily prudent person would have done in the same or similar circumstances, then the judge is not justified in drawing the conclusion that because in his own mind the plaintiff was guilty of contributory negligence, all other reasonable persons must think likewise. A determination by the trial judge to the effect that a plaintiff has been guilty of contributory negligence must rest upon such a state of facts that not merely a bare majority of reasonable men will agree with his conclusion." (*Reinders* v. *Olsen*, 60 Cal. App. 764 [214 Pac. 768].) It is only where no fact is left in doubt that contributory negligence is established. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 241 [116 Pac. 513, 515].) Conflicts in the evidence as to facts recited created such a doubt in numerous instances, and it cannot be said as a matter of law that it was error to present them to the jury nor for the jury to resolve them in favor of the respondent.

■ It is next contended that while the plaintiff is assumed to have been in a crosswalk when injured, this did not relieve him from exercising due care and that the trial court erred in permitting witnesses to indicate and testify regarding imaginary lines of a crosswalk upon said street. However, section 131½ of the California Vehicle Act provided that the plaintiff should be given the right of way within any unmarked crosswalk at the end of a block; and that for the purposes of said section "a crosswalk shall mean that portion of a roadway ordinarily included within the prolongation or connection of curb lines and property lines at intersections, or any other portion of a roadway clearly indicated for pedestrian crossing by lines or other markings on the surface". (Cal. Vehicle Act, sec. 131e½.) Both parties testified as to the prolongation of curb lines, and the error, if any can be said to have existed, was neither misleading nor prejudicial.

■ Finally, error is assigned to the overruling of objections to questions propounded to the plaintiff's wife as to how far she preceded him in crossing, after she had testified that her back was turned and that she did not see the accident. This she estimated at about three feet, or possibly less, but that she could not say positively. The same ques-

tions were fully answered by eye-witnesses from whose testimony the jury might compare her evidence and allot to it such, if any, weight as the same might warrant. The appellants do not indicate wherein it could have unfavorably influenced the jury, nor is its prejudicial effect apparent.

The judgment is affirmed.

Works, P. J., and Stephens, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 25, 1933.