## ADOLPH WYATT v. STATE.

No. A-9351. Oct. 28, 1938.

(83 P. 2d 886.)

Homer Caldwell, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. On rehearing the petition in error of the defendant was sustained and the facts reconsidered by this court. The facts in the record discloses a row between two brothers, Claud and Adolph Wyatt, which resulted in Adolph Wyatt shooting Claud.

Nellie Rector Washington stated:

"I was in the pool hall at the time Claud Wyatt was shot; I was at Claud's house a short while before the shooting; there was a shot fired at Claud's house by Adolph; after the shot was fired I left and went down to the pool hall; I saw the shooting at the pool hall by Adolph; I do not know what kind of a gun he used; I heard no conversation between Adolph and Claud Wyatt

before the shot was fired. I left immediately after the shot was fired and do not know what happened to Claud. Claud and Adolph are brothers."

Several other witnesses testified to facts in substance the same as Nellie Rector Washington, from the time Adolph arrived at Claud's house up to the time of the shooting. The evidence further shows that these two men are brothers; that they are negroes, and live in the same neighborhood and near each other; that there is a large family of children and all mix and mingle together daily.

It is not deemed necessary to set out the testimony in full as there is practically no controversy as to the facts in the case, and the testimony is sufficient to sustain a conviction of an offense if the defendant was granted a fair and impartial trial.

The defendant has assigned 16 errors which he alleges is sufficient to warrant this court in reversing his case. The 12th and 13th assignments of error are as follows:

"That the trial court erred in that it did not provide proper forms of verdict for the jury.

"That the trial court erred in submitting to the jury a verdict carrying this notation: 'Not over ten years', in that said notation was suggestive and prejudicial to the jury and that the said defendant was prejudiced thereby."

These two errors are the only errors the court deems necessary to consider.

The following is the verdict returned by the jury, with all the endorsements thereon:

"Verdict.                                    Not over ten years.

"In the District Court of the Thirteenth Judicial District of the State of Oklahoma Sitting in and for Oklahoma County. State of Oklahoma, Plaintiff, vs. Adolph Wyatt, Defendant. Verdict No. 11115.

"We, the jury, impaneled and sworn in the above entitled cause, do upon our oaths, find the defendant guilty of assault with intent to kill and fix his punishment at imprisonment in the state penitentiary for a term of 7 years. Seven Years.

"D. A. Riley, Foreman."

Endorsements:

"No. 11115 The State of Oklahoma, Plaintiff, vs. Adolph Wyatt, Defendant. Filed in the District Court of Oklahoma County, Oklahoma, Dec. 8, 1936. Cliff Myers, Court Clerk, By Roger Rogers, Deputy."

The defendant argues at length and insists that together with other errors committed the form of the verdict submitted by the court carrying the notation on the verdict, "Not over 10 years," was a suggestion to the jury tending to indicate that the court felt a verdict of guilty should be returned, and only left the punishment to be fixed by the jury.

The defendant further insists that the severity of the punishment imposed on the defendant clearly shows the jury was influenced by the notation on the verdict. There is no explanation made by the state, or anyone interested in the prosecution why the trial court in submitting this case to the jury submitted a form of verdict carrying the notation, "Not over 10 years." Ten years is the maximum punishment that could be inflicted upon the defendant for the charge against him.

In Sherman v. State, 20 Okla. Cr. 306, 202 P. 521, in the fifth paragraph of the syllabus the court said:

"Trial courts should abstain from giving instructions that might be construed as a comment upon the weight or importance of any particular evidence."

In this case the question presented is not a question or comment on the evidence, but a question of the court's action in submitting to the jury a form of verdict con-

taining a notation, "Not over 10 years." The form of the verdict complained of by the defendant on which the jury returned a verdict of guilty and fixing the punishment of the defendant at seven years in the state penitentiary clearly indicates that in fixing the punishment the jury must have been influenced by the notation on the verdict herein complained of, and that the defendant did not have a fair and impartial trial.

No one can tell what influence the notation on the verdict had on the jury, and to what extent it influenced the jury in arriving at its verdict fixing a penalty of seven years. Jurors pay a great deal of attention to what the trial court says or does in the trial of a case, and any action or remarks by the court which indicates the feeling of the court is observed by the jurors and often the jury will go beyond the evidence and consider the action and remarks of the court.

It was a prejudicial error for the court to furnish the jury with a form of verdict on which was written a notation, "Not over 10 years," as was done in this case.

We hold that the notation on the form of the verdict submitted to the jury was prejudicial to the rights of the defendant and a violation of his constitutional rights and deprived him of a fair and impartial trial. The notation on the verdict was such that the jury in all probability reached a conclusion that the court wanted the defendant convicted and wanted the jury to have directly before it the maximum penalty provided by law.

For the reasons herein stated, the case is reversed and remanded.

DOYLE and BAREFOOT, JJ., concur.