[Crim. No. 2260.   First Dist., Div. Two.   July 23, 1943.]

THE PEOPLE, Respondent, v. EMMA CLARK, Appellant.

Walter H. Duane for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

DOOLING, J. pro tem.—The defendant was convicted of a violation of sec. 11160 Health and Safety Code. Defendant appeals from the judgment and the order denying her motion for a new trial.

The evidence shows that on November 14, 1942 three narcotic agents went to a hotel room in San Francisco where defendant was found clad only in a nightgown. The agents searched her room and her clothes for narcotics and finding none they instructed her to dress herself, which she did in their presence. She was then taken in an automobile to a hospital where her body was searched by a physician for concealed narcotics. A nurse testified that while defendant was in the hospital she observed defendant putting her hand in her coat pocket and called one of the agents, and this agent testified that he took the coat into an adjoining room and out of the presence of the defendant found in the pocket of the coat a rubber finger stall containing thirteen grains of heroin wrapped in two paper-covered packets. The agents testified that the pocket of this coat previously had been searched and nothing found therein. Defendant denied any knowledge of the heroin, and denied that she had at any time had it in her possession or placed it in the pocket of her coat.

This brief recital makes it clear that while the evidence was sufficient to support the judgment, it was of a character which might well create in the minds of the jurors a reasonable doubt of defendant's guilt and thereby result in her acquittal.

The record shows that the blank form of verdict finding the defendant guilty, which was given to the jury for their use and was actually signed by the foreman and returned as the verdict of the jury, had the name of the trial judge signed to it, with a penstroke drawn through the signature. This unusual circumstance is relied upon by appellant as prejudicial error. Appellant freely concedes that this signature was not affixed by the judge with any intention to influ-

ence the verdict, but was a pure inadvertence which the judge attempted to rectify by afterwards drawing the penstroke through it. The question presented on appeal however is not affected by the admitted fact that the trial judge innocently affixed his signature to the verdict. It needs no citation of authority to support the truism, so well known and often repeated, that juries are alert to take their cue from any intimation, real or fancied, of the trial judge as to what verdict he believes they should return.

The situation is apparently unique in the trial of criminal cases and not apt to recur, and it is not surprising that precise authority has eluded the search of counsel and the court. The case most nearly in point which we have discovered is *Wyatt* v. *State*, 65 Okla. Cr. 188 [83 P.2d 886]. The form of verdict submitted to the jury in that case and the ruling of the Criminal Court of Appeals of Oklahoma thereon fully appear from the following quotation:

"In this case the question presented is not a question or comment on the evidence but a question of the court's action in submitting to the jury a form of verdict containing a notation, 'Not over 10 years.' The form of the verdict complained of by the defendant on which the jury returned a verdict of guilty and fixing the punishment of the defendant at seven years in the state penitentiary clearly indicates that in fixing the punishment the jury must have been influenced by the notation on the verdict herein complained of, and that the defendant did not have a fair and impartial trial.

"No one can tell what influence the notation on the verdict had on the jury, and to what extent it influenced the jury in arriving at its verdict fixing a penalty of seven years. Jurors pay a great deal of attention to what the trial court says or does in the trial of a case, and any action or remarks by the court which indicates the feeling of the court is observed by the jurors and often the jury will go beyond the evidence and consider the action and remarks of the court.

"It was a prejudicial error for the court to furnish the jury with a form of verdict on which was written a notation, 'Not over 10 years,' as was done in this case.

"We hold that the notation on the form of verdict submitted to the jury was prejudicial to the rights of the defendant and a violation of his constitutional rights and deprived him of a fair and impartial trial. The notation on the verdict was such that the jury in all probability reached a

conclusion that the court wanted the defendant convicted and wanted the jury to have directly before it the maximum penalty provided by law."

We need only add that it seems likely that a form of verdict bearing the trial judge's signature might much more readily influence the jury's action.

■ The record shows that while appellant's motion for new trial was being presented the trial judge stated:

"Well, I scratched it out and explained it to the jury."

The judge's certificate, however, recites that the transcript "is a full, true, fair, complete and correct transcript of the proceedings had at the trial . . . and all rulings, decisions, acts or statements of the court," and although the instructions of the court are set out no reference to the judge's signature on the proposed form of verdict appears anywhere therein or elsewhere in the transcript. The bare statement of the trial judge during the argument of the motion for new trial cannot supplement or contradict the certified record of the proceedings before the jury. (*In re Kingsley*, 93 Cal. 576 [29 P. 244].)

■ Another matter was interjected into the case by the district attorney on cross-examination of the defendant and in rebuttal as to the race of another person present in the hotel room of defendant at the time of her arrest. The race of this person had no connection with defendant's guilt of the crime charged, had no tendency to prove any issue in the case and on a retrial should be excluded. (*People* v. *Burness*, 53 Cal.App.2d 214, 221 [127 P.2d 623]; 8 Cal.Jur. 59; 22 C.J.S. 922.)

The attorney general appeals to article VI, section $4\frac{1}{2}$ of the Constitution, but we cannot hold on the evidence in this case that the errors were not prejudicial. It is better that justice be somewhat delayed if defendant is guilty than to have it utterly defeated if defendant is innocent.

The judgment and order appealed from are reversed.

Nourse, P. J., and Spence, J., concurred.